## Samuel Lothrop vs. Mason W. Southworth and Another.

Where, in pleading, a writ is alleged to have *issued*, or a written instrument to have been *made*, on a certain day, and the writ or instrument, when offered in evidence, *bears date* a different day, this is no variance.

A variance between the declaration and the proof in the date of a written instrument should be disregarded at the trial, when the instrument is otherwise sufficiently described in the declaration, so that defendant can not be misled or surprised by the evidence.

An injunction bond is a perfect obligation as soon as filed with the Register in Chancery, in compliance with the statute.

Where action is brought upon an injunction bond without procuring it from the files, and without obtaining an order of the Circuit Judge to take it from the files for prosecution, the want of such order is no defense to the suit.

Journal entries of interlocutory decrees and orders in Chancery are to be considered as originals, and are competent evidence without producing the enrollment.

The decree of the Court of Chancery, awarding damages in an injunction suit, is conclusive of the amount of damages in a subsequent action upon the injunction bond. And defendants can not be permitted to show, in defense to such action, that, in fact, plaintiff sustained no damages, or less than was awarded him.

The surety in an injunction bond having, by his obligation, undertaken to abide the decree of the Court of Chancery, and pay such damages as may be awarded against his principal by reason of the issuing of the injunction, is bound by such decree, and can raise no question of its correctness in an action upon the bond.

*Heard July 10th and 12th. Decided July 15th.*

Case reserved from Lenawee Circuit.

The action below was assumpsit against Mason W. Southworth and Joseph H. Cleveland, upon an injunction bond. The declaration set forth that proceedings were commenced July 11th, 1855, by the plaintiff against the defendant Southworth, before the circuit court commissioner of Lenawee county, under chapter 123 of the Revised Statutes, to recover possession of certain real estate, and that judgment for the plaintiff was therein rendered on July 28th, 1855; that a writ of restitution was issued on said judgment afterwards, to wit, August 31st, 1855; that defendant Southworth, on the 3d day of September, 1855, presented his bill of complaint in the Lenawee Circuit Court in Chancery, praying for an injunction to restrain the service of said writ; that Hon. Warner Wing, Circuit Judge, allowed an injunction, on the

giving of security as required by law; that, thereupon, the defendants, as principal and surety, entered into bond to the plaintiff in the sum of $1000; that said bill and bond were filed November 13th, 1855, and thereupon an injunction issued on said bill; that the bill was dismissed April 2d, 1856, and a reference to the commissioner to compute the damages by reason of the issuing thereof ordered; that the commissioner made his report November 27th, 1856, that the plaintiff had sustained $453.50 damages by reason of granting such injunction; that a decree was entered December 16th, 1856, that defendant Southworth pay that sum to the plaintiff, with costs to be taxed; that the costs were taxed January 3d, 1857, at the sum of $37.98; and that execution was issued on the decree May 7th, 1857, and returned the third Tuesday of June following, wholly unsatisfied.

Oyer of the bond was given with the declaration, and a copy of the condition is given below.

The defendants pleaded the general issue, and gave notice that they should show in defense, on the trial, 1st, That before the commencement of suit, the plaintiff took from defendant Southworth, with Joseph H. Patterson as surety, a bond in the penal sum of $1000, given to plaintiff and George W. Ketcham, sheriff of Lenawee county, reciting that said Ketcham held a writ of restitution for certain premises in favor of plaintiff and against defendant Southworth, and conditioned that defendant Southworth leave the premises, and deliver up full possession to plaintiff, within six days, and not remove any of the plaintiff's personal property therefrom, nor commit any damage, nuisance, or other wrong to said premises, and pay the costs of said writ; which bond was dated December 22d, 1855, and was accepted and received by the plaintiff in full satisfaction, and discharge of the claim for damages declared upon: 2d, That no damages had accrued the plaintiff that were covered by the bond declared upon: 3d, That the plaintiff and the defendant Southworth, on

the 22d day of December, 1855, reckoned and settled for the said damages, and that then plaintiff licensed and authorized defendant Southworth to leave said premises, and remove all he had raised therefrom, and that defendant Southworth did leave the premises, &c.

The suit was brought on for trial February 22d, 1858, before Hon. E. H. C. Wilson, Circuit Judge, and a jury.

Testimony was introduced by the plaintiff, tending to show that proceedings were commenced before Lucien B. Bowen, the circuit court commissioner for the county of Lenawee, in favor of said plaintiff, and against said defendant Southworth, to recover possession of certain premises, on the 11th day of July, 1855; and that a summons was issued by said Bowen, returnable the 14th day of July, 1855, on which day the parties therein appeared, and adjourned the cause to a subsequent day, when after a trial, judgment was rendered for the complainant and against the said Southworth.

The plaintiff then offered in evidence a writ of restitution, issued by said Bowen, as said circuit court commissioner, on such payment, which writ bore date September 1st, 1855. This was objected to by the counsel of said defendants, on the ground that the writ offered did not correspond in date with the writ as set forth in the plaintiff's declaration. This objection was overruled by the Court; to which ruling the defendants excepted.

The bill of complainant filed by said Southworth against said Lothrop in the Circuit Court for the county of Lenawee in Chancery, and an order allowing injunction endorsed thereon, were then offered, and read in evidence; which bill, it appeared in evidence, was dated the September 3d, 1855, and was filed November 13th, 1855. The bill, among other things, prayed injunction to restrain the service of said writ of restitution.

The order for injunction was as follows: "Let an injunction issue agreeably to the prayer of the foregoing bill; and it is ordered accordingly until the further order of this Court,

the complainant first giving bond in one thousand dollars, according to the provisions of section 102, Revised Statutes 1846, page 367. WARNER WING, Circuit Judge. Sept. 3d, 1855."

The plaintiff then offered in evidence a bond made by said defendant to said plaintiff, and on file in the Circuit Court for the county of Lenawee in Chancery, in the enrollment of decree; which bond bore date September 4th, 1855, and recited that "*Whereas,* On the eleventh day of July last past, the above named Samuel Lothrop commenced a suit under the provisions of chapter one hundred and twenty-three of the Revised Statutes of this State, entitled 'Proceedings to recover the possession of lands in certain cases,' before Lucien B. Bowen, Esq., circuit court commissioner, against the above bounden Mason W. Southworth, to recover the possession of certain lands in the township of Palmyra, in the county of Lenawee, aforesaid, and did, on the 28th day of July last past, obtain a judgment that the complainant have restitution of the said premises: And, whereas, said Mason W. Southworth has filed his bill of complaint in the Circuit Court for the county of Lenawee, praying, among other things, for an injunction directed to the said Samuel Lothrop, and any officer or officers to whom he may have delivered the writ of restitution issued in the above mentioned case, and all servants and agents and others in his employ, commanding them and each of them to desist and refrain from serving such writ, and disturbing said Mason W. Southworth in the possession of said premises: And, whereas, Hon. Warner Wing, Circuit Judge of the said Lenawee Circuit Court has allowed an injunction for that purpose, according to the prayer of said bill, upon the said Mason W. Southworth giving sufficient surety in the sum of one thousand dollars, as required by law: Now, therefore, the condition of this obligation is such that the above bounden Mason W. Southworth and Joseph H. Cleveland, or their executors, or administrators, or any of them, shall and do

well and truly pay, or cause to be paid, to the said Samuel Lothrop, his executors, administrators, or assigns, all such damages and costs as may be awarded to them by the Court on the bill filed by the said Mason W. Southworth, then this obligation to be void, otherwise of force."

This was objected to by the defendants, on the grounds,

1st. There is a variance between the date of the bond offered in evidence and the bond declared on by plaintiff.

2d. The statute requires that the Court should grant leave before the bond should be delivered to the defendant in the chancery suit, and there is no evidence that the bond was ever, in fact, delivered, or that any order, allowing such delivery had ever been made by said Court in chancery in such case.

3d. That the condition of the bond offered in evidence is not in accordance with the statute, or with the order of the Court, requiring the bond as a condition of the issuing the injunction in the said chancery case.

These objections were overruled by the Court, and the bond permitted to be read in evidence, and defendants excepted.

The injunction issued and served in said chancery cause was then read in evidence; and the plaintiff then offered the journal of the said Circuit Court in Chancery, containing the entry of an order, dismissing the bill of complaint, and referring the cause to the circuit court commissioner, to take proofs and report upon the damages, for the purpose of proving such order; which was objected to by the defendants' counsel, on the ground that the enrollment of the decree was the best evidence of said order or decree; which objection was overruled by the Court, and defendants excepted.

The plaintiff then offered in evidence the report of L. B. Bowen, circuit court commissioner as aforesaid, who reported in substance: That injunction was allowed September 3d, 1855, and that knowledge thereof came to defendant and George W. Ketcham, sheriff, in whose hands was the writ

of restitution, immediately thereafter; but that the same was not issued by the register till about November 13th, 1855; that the injunction was dissolved December 21st, 1855; that, on the 3d of September, 1855, the crops on the premises were worth $407, and that the rent of the premises from that time till December the 21st, 1855, were worth $3 per week; that Southworth harvested and removed all the crops; that the rent of the premises from November 13th to December 21st, 1855, was worth $2.50 per week — in all, $11; and that Lothrop had sustained $453.50 damages, by reason of the granting of the injunction.

And plaintiff also offered in evidence the enrollment of the decree made in said cause December 16th, 1856; which, among other things, confirms the said report, and decrees that the complainant in said cause pay to the defendant therein the sum so reported by the commissioner, with costs to be taxed, and that execution issue therefor.

The evidence so offered was objected to by defendants, on the ground that defendant Cleveland, not being a party to said proceedings, could not be bound by them. The objection was overruled, and defendants excepted.

An execution issued in said cause, and the return of unsatisfied on the same, were then read in evidence, subject to the same objection and exception by defendants.

On behalf of the defendant Cleveland, his counsel offered to prove as follows:

1st. The bond given by defendant Southworth and Joseph H. Patterson, at the time the sheriff and the plaintiff went to the premises to serve the writ of restitution, which bond was set out in the notice of defense.

2d. That at that time, and before the final decree in the suit in chancery, the said plaintiff directed the defendant Southworth to remove certain apples, potatoes, corn, produce, and fodder, which had been raised that season upon the premises mentioned in the writ of restitution, and had before that time been severed and harvested by defendant Southworth.

3d. That said plaintiff also pointed out to defendant Southworth certain articles of farming utensils, not including any of the said articles above named, which the said plaintiff claimed as his property, and directed the defendant Southworth not to remove.

4th. That said articles of produce, so directed to be removed by said Lothrop, were removed by said defendant Southworth; and that the commissioner, in his report of the damages suffered by said Lothrop, included the value of the apples, potatoes, corn, produce, and fodder, so directed by said plaintiff to be removed, and so removed by said defendant Southworth.

Which proof was objected to by plaintiff's counsel, and the objection sustained by the Court, and the evidence rejected; to which ruling and decision the defendant Cleveland excepted.

The case was then submitted by the parties; and thereupon the said jury, under the direction of the Court, found a verdict against said defendants, and in favor of said plaintiff, for the sum of five hundred and thirty-two dollars, being the amount of said decree and costs, with interest.

The defendants then moved the Court for a new trial in said cause, for the following reasons:

1st. That the Court erred in overruling the objection to the reading in evidence the writ of restitution, and permitting said writ to be read in evidence.

2d. That the Court erred in overruling the objections to the bond offered in evidence, and permitting the same to be read in evidence.

3d. That the Court erred in overruling the objection to the reading in evidence the journal entry of the order or decree, and permitting such journal entry to be read in evidence.

4th. That the Court erred in overruling the objection to the giving in evidence the report of the circuit court commissioner, and the decree contained in the enrollment in said chancery case, and permitting the same, together with the execution and return, to be read in evidence.

5th. That the Court erred in refusing to permit the defendant Cleveland to give in evidence the proof offered by him in his defense.

Whereupon the said Circuit Court reserved the questions arising on the said motion for the opinion of the Supreme Court.

*C. A. Stacy, Geo. Kingsley,* and *P. Morey,* for defendants:

1. The allegations in the declaration as to the date of the writ of restitution and of the bond were material, and must be proved as laid.—*Ros. Civ. Ev.* 50; *Green vs. Bennett,* 1 *T. R.* 656.

Matters of description in a declaration, though immaterial, must be proved as laid.—*Wells vs. Girling,* 5 *E. C. L.* 853; *Allen vs. Goff,* 13 *Vt.* 148; *Rickets vs. Galway,* 18 *E. C. L.* 69; *Ibid.* 329.

2. The bond when sued on, being still on file with the register, and there being no proof that the circuit judge had directed its delivery to plaintiff for prosecution, the plaintiff had in fact no possession of it.  Delivery is one of the essential requisites of a bond, and there must be some proof of delivery.—*Jackson vs. Dunlap,* 1 *Johns. Cas.* 114; 1 *Stark. Ev.* 372; 1 *Saund. Pl. & Ev.* 423; *Chandler vs. Temple,* 4 *Cush.* 285, 287.

3. It was essential to the right of action that the circuit judge should have directed the delivery of the bond for prosecution.  When an affirmative statute, which is introductive of a new law, directs a thing to be done in a certain manner, it shall not, even if there are no negative words, be done in any other manner.—*Bac. Abr.* "*Statute,*" *G.*; *Gedney vs. Tewksbury,* 3 *Mass.* 307.

4. The condition of the bond was not in accordance with the statute.  Where the statute prescribes the condition of a bond, it must be strictly adhered to.—*Hurlstone on Bonds,* 55, 58; *Howard vs. Brown,* 8 *Shepl.* 385.

The Court erred in permitting the journal entry of the

decree dismissing the bill to be read in evidence. The best evidence which the nature of the case admits must be produced. In this case, the enrolled decree should have been produced, and not a copy.

5. The decree of the Court of Chancery was not binding on defendant Cleveland. A judgment or decree can be used in evidence only between the parties to the same or their privies.—*Buller's N. P.* 232; 1 *Stark. Ev.* 254 to 256; 1 *Greenl. Ev.* §§ 522, 523; *Ros. Civ. Ev.* 99, 100; 1 *Saund. Pl. & Ev.* 611, 612; 1 *Phil. Ev.* 4 *to* 9; *Worcester vs. Green,* 2 *Pick.* 425; *Wood vs. Davis,* 7 *Cranch,* 271; *Cowles vs. Hart* 3 *Conn.* 516; *Griswold vs. Stewart,* 4 *Cow.* 457. As to who are privies, see *Coke on Lit.* 271, a., *and* 352, a. *and* b.; 1 *Greenl. Ev.* § 189; *Jac. Law. Dic.* title " *Privity and Privy* "; 1 *Bouv. Inst.* 373.

A judgment or decree against the principal is not admissible in evidence in a suit against the surety.—*Jackson vs. Griswold,* 4 *Hill,* 528; *Moss vs. McCullough,* 5 *Hill,* 131; *Douglass vs. Howland,* 24 *Wend.* 35; *Respublica vs. Davis,* 3 *Yeates,* 128; *M'Kellar vs. Bowell,* 4 *Hawks,* 34; *Munford vs. Overseers,* 2 *Rand.* 313; *Lucas vs. Governor,* 6 *Ala.* 826; *Carmichael vs. Governor,* 3 *How. Miss.* 236; *Carmack vs. Commonwealth,* 5 *Binn.* 184.

6. Cleveland should have been permitted to give the evidence offered by him. Its object was to show an arrangement between Southworth and plaintiff, in fraud of his rights as surety. A valid agreement between the creditor and principal debtor, without the assent of the surety, by which the rights or remedies of the latter are in any respect changed or delayed, will discharge the surety, though not apparently prejudicial to his interest.—*Bangs vs. Strong,* 7 *Hill,* 250; *Hubbell vs. Carpenter,* 5 *Barb.* 520; 1 *Story Eq. Juris.* § 325; 15 *N. H.* 119; 10 *Johns.* 587; 3 *Wend.* 24; 6 *Wend.* 236. The evidence was admissible under the general issue.— *Young vs. Rummell,* 2 *Hill,* 478; *Clark vs. Yale,* 12 *Wend.* 472.

*T. M. Cooley* and *F. C. Beaman*, for plaintiff:

1: There was no variance between the writ of restitution and bond offered in evidence, and those described in the declaration. — 2 *Greenl. Ev.* § 12; 1 *Ibid.* § 61; *Remington vs. Henry*, 6 *Blackf.* 64; *Drown vs. Smith*, 3 *N. H.* 299.

2. The question whether the circuit judge had directed the delivery of the bond to plaintiff for prosecution, was not before the Court on the pleadings. If such direction were essential, the want of it was matter in abatement. — See *Robbins vs. Hayward*, 16 *Mass.* 524.

3. But such direction is not a pre-requisite to the commencement of the suit. It is simply an authority for the defendant to take the bond from the files for his own convenience in bringing suit. The right of action is perfect the moment the condition of the bond is forfeited. Though it can not be taken from the files of the court except by leave of the judge, it may be prosecuted without any application to the court for leave. — *Meiks vs. Childs*, 3 *Cai.* 139; *Higby vs. Robinson*, 7 *Wend.* 482.

4. The bond complies, substantially, with the statute. A literal compliance is not necessary. — *White vs. Clay*, 7 *Leigh*, 80; *Warner vs. Racy*, 20 *Johns.* 74; *People vs. Holmes*, 5 *Wend.* 191; *Harris vs. Hausen*, 2 *Fairf.* 243; *Cay vs. Galliott*, 4 *Strob.* 282; *Kincannon vs. Carroll*, 9 *Yerg.* 11; *Bagby vs. McRae*, 2 *Ala.* 708.

If not in compliance with the statute, it would still be good as a common law undertaking. — *Stansfeld vs. Hellawell*, 11 *Eng. L. & Eq.* 559; *Clap vs. Cofran*, 7 *Mass.* 98; *Burroughs vs. Lowder*, 8 *Mass.* 373; *Spader vs. Frost*, 4 *Blackf.* 194; *State vs. Lynch*, 6 *Blackf.* 395; *Supervisors vs. Coffenbury*, 1 *Mich.* 357; *Prentiss vs. Spalding*, 2 *Doug. Mich.* 84.

5. The order dismissing the bill was an interlocutory decree merely, and was properly proved by the journal. — *Travis vs. Waters*, 12 *Johns.* 508; *Jacques vs. Methodist Church*, 17 *Johns.* 559; *Kane vs. Whittick*, 8 *Wend.* 224.

If the objection to such proof had been good, it would have been obviated by the enrollment of decree being subsequently introduced in evidence.

6. The surety in the injunction bond was bound by the recovery against his principal. By the express terms of his bond he was to be bound. — *Heard vs. Lodge*, 20 *Pick.* 53; *Rapelye vs. Prince*, 4 *Hill*, 119; *Jackson vs. Griswold, Ibid.* 531, *per Cowen J.*; *Willey vs. Paulk*, 6 *Conn.* 74; *Lockwood vs. Safford*, 1 *Kelly*, 72; *Fowler vs. Scott*, 7 *Eng.* 675.

7. The evidence offered on the part of defendant Cleveland was properly rejected. The offer was simply an attempt to re-try in this suit the same question which had been directly adjudicated in the Court of Chancery.

MARTIN Ch. J.:

The bond upon which this action was brought was given under the requirements of the statute upon the allowance of an injunction to restrain proceedings at law. In the suit in chancery, a decree had been rendered dismissing the bill, and damages had been assessed against the complainant, and a right of [action had accrued upon the bond. Upon the trial, various objections were taken to the rulings and decisions of the Court, which will be examined in their order.

The objection to the introduction of the writ of restitution was properly overruled. The declaration did not purport to set out the writ in *hæc verba*, nor to state the precise day of its issue, but that "afterwards, to wit," &c., it was issued. This mode of referring to the time is not governed by the rules which obtain in cases of recital of an instrument, and the same strictness of proof where time is laid under a videlicet is not required. — See 2 *Greenl. Ev.* §12; 1 *Ibid.* §61. It is, moreover, within the provisions of §4329 of Compiled Laws; and the writ was properly allowed to be read.

The same remarks will apply to the like objection made to the reading of the bond in evidence.

The second objection to the introduction of the bond we think was not well taken. The defendants' counsel seems to have taken it on the hypothesis, That the bond was never delivered, but filed with the court as an *escrow*, and that the order of the judge was necessary to complete the obligation—delivery being essential. We think this is not the correct view. The bond is required to be filed in the cause, it is true; but this is not to suspend delivery as in the case of an *escrow*, until some condition be performed, or event occur, necessary to complete the consideration, but it is a perfect obligation as soon as filed, and its delivery to the party is dependent upon its breach. Before that time, although deposited in court, it is delivered in the manner provided by law, and a right of action accrues upon its breach. The purpose of the statute in requiring a judge's order, was to preserve the jurisdiction of the court over it so long as might be necessary to prevent an unjust use of it; and it is answered if the court—being the same, so far as its officers are concerned—allows its use on the trial. If the plaintiff was not entitled to it, an appeal should have been made to chancery to restrain its use; the objection can not be taken in proceedings in an action at law to enforce it. If the statute required that application for leave to prosecute it should be made to the court, the want of an order granting such leave would be a valid objection perhaps; but no such power is reserved to the court.

We can not perceive the force of the third objection to the reading of the bond.

The objection to the introduction of the journal entries of the order dismissing the bill and for a reference to take proofs, upon the ground that the enrollment of the decree was the best evidence of such order, was obviated by the subsequent introduction of such enrollment. The admission of incompetent testimony is not error when the facts are competent to be shown, and are afterwards proven by competent evidence. We can, however, perceive no good rea-

sons why the journal entries were not properly admitted; for they are as much the originals, as orders drawn by a solicitor and filed, and are the evidence of such orders, preserved under the immediate direction of the court.

The objection to the production of the report of the circuit court commissioner, and of the enrolled decree and the execution issued thereon, upon the ground that the defendant Cleveland was not bound by it, he not being a party to the decree, will be considered with that to the ruling of the Court excluding the evidence offered by the defendants to defeat the plaintiff's action. This latter evidence tended to show (if it could prove anything) that the defendant Southworth had a defense to the plaintiff's claim for damages, which he might have exhibited, and, for anything that appears to the contrary, did exhibit and insist upon in the proceedings in chancery. If the decree was unjust, or not satisfactory, he had his right to appeal. Not having done this, the decree is conclusive upon him. It is also conclusive upon Cleveland. His obligation as surety in the bond is to pay to Lothrop all such damages and costs as should be awarded against Southworth in the chancery suit. This obligation was broken as soon as a decree awarding damages was made, and the execution thereon returned unsatisfied. It did not extend back of the decree, and relate to matters upon which it was founded. The condition was broken upon non-payment; and the proof of the breach maintains the action. This is the rule in all cases. In those cited by the defendants' counsel where it was held that the judgment against the principal is not conclusive upon the surety, and in all others of the same character, it is so held because the undertaking related to the cause of action: in the present case, the undertaking relates to the result. The cause was to be litigated by Lothrop and Southworth; Cleveland could not be heard in court, as he had no interest in the subject of the controversy. He, as an indifferent person, stepped in to the aid of Southworth, to enable him to prosecute his action, and undertook that

Aʟʟᴇɴ *vs.* McKɪʙʙɪɴ.

he should abide the judgment of the Court. He can therefore raise no question of the correctness of the decree, nor impeach it in this collateral proceeding. If he apprehends any fraudulent collusion between the parties to the decree, his remedy is in chancery for relief against the bond. If this were not the case — as the action is against principal and surety jointly — the result would be that Southworth would be permitted, under color of Cleveland's claim of injury, to re-litigate the matters settled by the decree, by showing it to be erroneous, or by introducing new matter to diminish or obliterate the claim upon which the decree was based. This could not be done to defeat the service of the execution, if property had been found; and it can no better be done upon a proceeding subsequent to, and measurably auxiliary to, the execution. To hold otherwise, would be to introduce a dangerous and novel doctrine into the law of remedies; viz., That when an action is brought upon a bond given for the performance of a decree against principal and surety, the whole subject of the decree must be re-litigated, if a defense is set up impeaching it, before a joint recovery can be had. We apprehend that such a rule would make litigation endless.

The motion for a new trial should be denied.

The other Justices concurred.