JOHN McALLISTER *et al.*

*v.*

WILLIAM O. CLARK.

1. VARIANCE — *as to obligors in bond.* Where a declaration on an injunction bond showed that the bond was executed by the defendants by the names and style of A. B. *and* C. D., and the bond produced in evidence did not have the word *"and"* between the defendants' names, it was *held*, the variance was too trivial and technical to bear discussion.

2. SAME — *as to names of parties in a collateral proceeding.* In a suit upon an injunction bond the declaration alleged that damages were assessed on the dissolution of an injunction in a suit wherein A. B. was complainant, and William O. Clark, trustee, and Polly H. Clark, his wife, were defendants, while the record offered showed a suit wherein A. B. was complainant, and William O. Clark, trustee, and *Poll* H. Clark, his wife, were defendants. It was *held*, that as the decree was not the foundation of the suit the variance was immaterial, the word *"Poll"* being a mere clerical error for *"Polly."*

3. PRACTICE IN SUPREME COURT — *error does not always reverse.* Although it may be error for the court, after issue joined upon pleas and the trial has commenced, to. allow the plaintiff to demur to a plea, and to sustain the demurrer, yet when the record fails to show that the defendant was deprived of any evidence admissible under such plea, the error, if any, affords no ground of reversal.

4. INJUNCTION BOND — *surety bound by damages assessed.* A surety in an injunction bond is concluded by the decree assessing damages on dissolution of the injunction, though not a party to such suit, and he can not go behind the same and show payments made prior to such assessment.

5. SAME—*measure of damages.* In a suit upon an injunction bond the assessment of damages by the court on the dissolution of the injunction, and accruing interest thereon, are the proper subjects of recovery.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. F. C. INGALLS, for the appellants.

Messrs. WILSON & PERRY, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Judgment was rendered in the court below in favor of appellee and against appellants, in an action of debt brought on an injunction bond. The damages assessed are $213.25, being the amount awarded by the court as damages on the dissolution of the injunction, with accruing interest. Several exceptions were taken on the trial, and are here urged as grounds of reversal.

1st. It is objected there is a fatal variance between the pleadings and the evidence. The first specification under this head is, it is alleged in the declaration that the bond declared on was executed by the defendants by the names and style of John McAllister *and* J. C. McCullough; whereas the bond read in evidence does not have the word *" and "* between the defendants' names. This is too trivial for discussion. Under our present statutes, mere technical variances and formal objections can not be urged to defeat the ends of justice. The other specification is, it is alleged in the declaration that the damages were assessed on the dissolution of an injunction in a suit wherein John McAllister was complainant and William O. Clark, trustee, and Polly H. Clark, his wife, were defendants; whereas the record read in evidence is of a suit wherein John McAllister is complainant, and William O. Clark, trustee, and *Poll* H. Clark, his wife, were defendants.

The decree in the chancery suit is not the foundation of

the present suit—the suit being upon the bond, and the decree in the chancery suit being only collaterally in evidence on the question of damages. There is, from the whole record, not the slightest doubt but that the chancery suit described in the declaration, and in which the bond declared on was given, is the same as that the record of which is in evidence, and that the word *Poll* is a mere clerical error for Polly, so the supposed variance is immaterial. *Stevison* v. *Earnest*, and cases there cited, 80 Ill. 519. See, also, *Twible* v. *The State*, 4 Blackf. 435.

2d. After issue joined and after the trial had commenced, the court suggested to appellee that appellants' second plea was defective, and permitted it to be then demurred to and sustained the demurrer.

Appellants concede the plea would have been obnoxious to demurrer if it had been interposed in apt time, but claim that it was error to entertain the demurrer after issue joined and the trial had commenced. This may be so, but unless appellants have been injured by the ruling it is no ground for reversal. We have been unable to discover any evidence offered by appellants, and excluded by the court, which must have been admitted had the demurrer not been sustained to the plea. They have disclosed no defense that would have been admissible under any state of pleading, of which they were deprived by the rulings of the court.

3d. The court rejected evidence of payments made to appellee before the assessment of damages on the dissolution of the injunction. It is argued that this evidence was admissible on behalf of appellant McCullough, who was not a party to the injunction suit, but was only a surety for McAllister, the complainant therein ; that, not being a party to that suit, he could not be bound by the decree. The misfortune to him is, his contract binds him to abide that decree without being a party to it. His undertaking is that he " will pay all such costs and damages as shall be awarded against the complainant in case the injunction shall be dissolved." The injunction was dissolved, and on its dissolu-

tion the damages here recovered were awarded against the complainant. No appeal was taken from that decree. It stands in full force, and the amount was properly recoverable in a suit on the bond. *Weaver et al.* v. *Poyer*, 73 Ill. 490.

The evidence had no tendency to prove performance of the condition of the bond, and was properly excluded.

4th. The objection that the evidence does not sustain the verdict depends on the ruling on the preceding points. Since they are decided against appellants, this must be, as a matter of course. The evidence offered by appellants having been properly excluded, the assessment of damages on the dissolution of the injunction and the accruing interest were proper subjects of recovery.

The judgment is affirmed.

*Judgment affirmed.*