## BUNT v. RHEUM.

1. **Attachment**: SURETY ON BOND: LIABILITY OF. Where, in an action of attachment, the defendant filed an answer claiming damages by reason of the wrongful suing out of the attachment, and recovered judgment by default, it was held that such judgment was not conclusive upon the surety on the attachment bond, who was not a party to the action, and that an action against him upon such judgment could not be maintained.

2. ——: ——: PLEADING. In an action upon an attachment bond the petition should set out the bond and the breach of its conditions, and allege that the plaintiff in the attachment suit did not have sufficient reason for believing the alleged grounds for attachment to be true.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, DECEMBER 11.

THE plaintiff filed in the Winneshiek Circuit Court a petition, as follows:

"That on August 31st, 1876, one John McCraney filed, in the office of J. G. Morss, a justice of the peace in and for Winneshiek county, Iowa, a petition, duly verified, claiming of plaintiff the sum of $75; alleging that plaintiff was about to dispose of his property, with intent to defraud his creditors, and asking a writ of attachment issued against the property of plaintiff.

"That at same time and place said McCraney filed, with said justice, an attachment bond, signed by himself as principal, and the defendant in this action as surety, in the penal sum of $150, and conditioned that if the said McCraney will well and truly pay all damages which the plaintiff herein

shall sustain, by reason of the wrongful suing out of the said attachment, then the same to be void; otherwise of full force and virtue.

"That said bond was duly approved by said justice; that thereupon the said justice issued a writ of attachment as asked for in said petition, and the same was duly levied upon the property of this plaintiff.

"That on September 7th, 1876, plaintiff filed, in said cause, an answer, duly verified, denying the claim of said McCraney, and asking damages for the wrongful suing out of said writ of attachment. A copy of said answer is hereto attached and made a part hereof.

"That on the 7th day of September, 1876, said cause coming on for hearing before said justice, judgment was rendered against said McCraney, and in favor of plaintiff, for $30.25, as damages sustained by him for the wrongful issuing of said writ of attachment. A copy of said judgment is hereto attached and made a part hereof, and marked Exhibit "B."

"That no part of said judgment has been paid; that there is now due plaintiff, from defendant, on said bond, the sum of $30.25, and interest at six per cent from September 7th, 1876."

For this sum the plaintiff asked judgment. The copy of the judgment in the justice's court, attached to the petition, shows that the plaintiff in that action failed to appear, and that judgment was entered against him on the counter-claim by default. The defendant demurred to the petition in this case as follows:

"1.   That the matter in said petition set out shows that defendant is not liable upon the judgment sued upon, in this: that defendant was not made a party thereto.

"2.   That said petition shows that plaintiff recovered against the plaintiff in the original action damages for the wrongful suing out of the writ of attachment, and plaintiff is now estopped from maintaining an action therefor against the defendant.

"3.   That said petition shows that plaintiff has exhausted his remedy on said bond.

"4.   That plaintiff cannot maintain an action on the bond

for the reason this said petition contains no allegation that said writ of attachment was wrongfully sued out, and that defendant had no sufficient cause for believing the allegations upon which said writ was issued to be true.

"5. That no copy of the bond is attached to, or incorporated in, said petition."

The court overruled the demurrer, and rendered judgment in favor of plaintiff for $30. The defendant appeals. Upon request of the defendant the court certified that the cause involves the determination of questions of law upon which it is desirable to have the opinion of the Supreme Court, which questions are as follows:

"1. Can the defendant be made liable upon the judgment set out in said petition?

"2. Should plaintiff be required to set out in his petition the attachment bond, breach of the conditions thereof, and that the plaintiff, in the attachment writ, had no reasonable grounds for believing the alleged grounds for attachment to be true?

"3. Can the defendant be made liable upon the attachment bond, the plaintiff having elected to bring, in the former action, a cross demand for the wrongful suing out of the writ?"

*Brown & Wellington*, for appellant.

No argument for the appellee.

DAY, J.—I. The defendant cannot be made liable upon the judgment. He undertook to become liable upon the bond which he executed. The condition of this bond is as follows: "Now, if the said John Mc-Craney will pay all damages which the said defendant may sustain, by reason of the wrongful suing out of the said attachment, then this obligation to be void, otherwise in full force and virtue." In an action upon this bond it is clear that the defendant might contest both the wrongful suing out of the attachment and the amount of damages sustained. In the action before the justice of the peace both these questions were determined in a suit to which this defend-

*(margin note: 1. ATTACHMENT: surety on bond: liability of.)*

ant was not a party, and in which the party against whom judgment was rendered made default. If the defendant may be made liable upon this judgment he is deprived of all opportunity of showing that the attachment was not wrongfully sued out, and also of contesting the amount of damages. We are very clearly of the opinion that the defendant cannot be made liable upon the judgment.

II. Section 2648 of the Code provides that the defendant may demur to the petition, when it appears upon its face that the claim is founded on an account or writing as evidence of indebtedness, and neither such writing or account, nor a copy thereof, is incorporated into or attached to such pleading, and no sufficient reason is stated for not doing so. Section 2728 of the Code provides that in an action on a bond with conditions the party suing thereon shall notice the conditions, and allege the facts constituting the breaches relied on. Under these sections the second question of law submitted by the court for our determination must be answered in the affirmative.

2. —: —: pleading.

III. The third question is not embraced in the record. This suit is clearly upon the judgment and not upon the bond. The record does not fairly present the question what the rights of the plaintiff would have been if he had sued upon the bond. As the questions already determined are decisive of the present controversy, and we have no argument for appellee, and but a very brief one from appellant, on this point, citing no authorities, we deem it proper, for the present, to leave this question unanswered.

REVERSED.