37   581
138s  167

## ALFRED C. BRACKEBUSH

### v.

## DANIEL H. DORSETT ET AL.

*Injunctions—Bond—Action on—Modification of Injunction—Liability of Surety.*

The sureties upon an injunction bond are not relieved of liability by a stipulation between the parties to the suit under which the injunction is dissolved in part. Such stipulation and the order of court made thereon will not relieve the sureties from liability consequent upon a further order dissolving the injunction.

[Opinion filed January 16, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. E. PARMALEE PRENTICE, for appellant.

Messrs. JOHN WOODBRIDGE and H. T. & L. HELM, for appellees.

WATERMAN, J. This was a suit upon an injunction bond; the defense set up by the surety was that the injunction originally granted, and to obtain which the bond was given, restrained the defendants in that suit—

First. From making any transfer of any of the property, patents, contracts or business described in the bill of complaint.

Second. From changing or incumbering the title to the patents or property in controversy.

Third. From changing the manner of conducting their business.

Fourth. From disposing of funds except in the regular course of business.

Fifth. From doing anything to prejudice the complainant, Magill.

Sixth. From transferring certain real estate, situated in Oak Park.

That about two weeks after the injunction issued. it was without the knowledge or consent of the surety modified in accordance with the following stipulation:

"It is hereby stipulated that the original injunction against the said defendant, Daniel H. Dorsett, be so modified as to allow said Dorsett to carry out any contract now in existence for the manufacturing and laying conduits, and to close any negotiations now pending for the purpose of issuing licenses to parties in cities for the right to use said conduit under said patents, and to receive moneys and stocks on such contracts; which said moneys or stocks shall not be used except in the legitimate carrying out of such contracts, for legitimate expenses; and this stipulation shall not be construed to allow said

Brackebush v. Dorsett.

Dorsett to make any general transfer or assignment of any of the property, rights or interest claimed by said complainant, or in other manner to prejudice complainant's interest as claimed, except that said Daniel H. Dorsett may carry out and close the New York negotiations, and may transfer all of the property, rights and interests claimed by complainant, but that said Dorsett, in case said New York negotiations shall be concluded while the injunction in said cause remains in force, shall deposit in the hands of the court, or as the court may order, all the stock and moneys received thereon, and shall not pay out or dispose of the same except to pay legitimate expenses of the business, without the further order of this court, and that the said Dorsett shall at once report to the court the full terms and conditions of any and all contracts, transfers or licenses which may be made on the premises during the existence of said injunction."

That in such modified form it continued until dissolved by the further order of the court, some three months afterward.

Counsel insist that there was a material alteration of the contract into which the surety entered, and have with great industry presented a large number of authorities bearing upon the relations of sureties and obligee.

If the doctrine of the cases was applicable here we should not hesitate to reverse this judgment; we affirm it, because in our view there was no alteration of the contract into which the parties to this injunction bond entered.

What was the contract which those who signed this injunction bond made?

The condition of the obligation to pay $1,000, was that if Samuel G. Magill and Alfred C. Brackebush should pay to Daniel and Ellen Dorsett, such costs and damages as should be awarded against the complainant in that suit in case the injunction should be dissolved, then the obligation should be void, otherwise to remain in force.   Does this mean that they are only to pay in case the injunction shall be dissolved at one time or by one order?   Can the court now read into this undertaking, "Shall pay in case the said injunction shall be entirely dissolved at one time?"

Would such reading be in accordance with either the letter or spirit of the contract?

The injunction has been dissolved. Prior to this it was essentially modified; but it is said that the contention, in effect, is that the dissolution was in part May 22d and in part July 31st, and that consequently the damages for which the sureties were responsible were different May 22d from what they were May 10th.

It is true the sources from which damage might arise May 22d were less than they were May 10th; the situation was somewhat analogous to that of the surety who, on May 10th, guarantees the payment, on May 31st, of a note for $1,000, which he ascertains that on May 22d the debtor and creditor have agreed that $500 be indorsed as paid upon the note.

What was the undertaking of the makers of this bond? It was to pay (not exceeding $1,000) such damages as might be awarded in case the injunction should be dissolved; no stipulation was made that the injunction should not be modified or dissolved by consent.

The obligors made themselves liable in case a certain event happened, and made no reservation as to how such event should be brought about. The sureties knew that by virtue of the contract they entered into, the defendants would, by the strong arm of the law, be restrained from doing what they otherwise might; that such restraint might be onerous and injurious, and they undertook to answer for such injury; that obligees in said bond were at liberty to endeavor to have such restraint modified or removed, and that they might obtain the consent of the complainant therein to such modification or removal they must have known; they became responsible for the result of a case which they knew they had no control over, and which the parties thereto could dispose of as they saw fit.

Substantially, the defense insisted upon here was urged in Boynton v. Phelps, 52 Ill. 210. There, as here, an order had been obtained by stipulation, and this, it was contended, was a material alteration of the contract. The court there say: "Appellant, by his undertaking as surety, put himself in the

power of his principal, so far as the prosecution of the bill was concerned. He knew perfectly well that the complainant had power at any time, in his discretion, to dismiss his bill. He knew the court could dismiss it for reasons shown, and he took these risks." To the same effect is Towle v. Towle, 46 N. H. 431. As was said in McAllister v. Clark, 86 Ill. 236, " the misfortune of the defendant is that his contract binds him to abide the decree in the chancery suit without being a party to it."

There, as here, the undertaking was to pay all such costs and damages as should be awarded against the complainant in case the injunction should be dissolved. There, as here, the injunction was dissolved, and the damages recovered were awarded against the complainant.

Appellant's connection with the chancery litigation was such that he is concluded by it, so far as such matters are involved in the suit upon the bond. Towle v. Towle, 46 N. H. 431; Oerlichs v. Spain, 15 Wall. 211–229; Warner v. Mathews, 18 Ill. 83; Sturgis et al. v. Knapp et al., 33 Vt. 486–521; Willey v. Paulk, 6 Conn. 74; Rapelye v. Prince, 4 Hill, 119–121; Dowling v. Polack, 26 Cal. 626; High on Injunctions, 1641.

The decree dismissing the bill and dissolving the injunction, as well as that awarding damages, remain in full force, and the amount so awarded was properly recovered in the suit on the bond.

*Judgment affirmed.*