SHENANDOAH NATIONAL BANK, Appellee, v. T. H. READ, Appellant.

1. **Judgments:** DETERMINATION OF EQUITY CAUSE IN VACATION: DECREE FILED AFTER JUDGE'S TERM OF OFFICE EXPIRED: VALIDITY. Where, pursuant to an agreement of parties, the hearing in an equity cause was had before the judge of the trial court at his place of residence in a county other than that where the case was pending, and at the time of the submission the judge announced that he would decide the case in vacation, and thereafter, and before the expiration of said judge's term of office, the parties permitted two terms of court in the county where said cause was pending to pass without asking its determination, *held*, that the conduct of the parties amounted to an agreement that the cause should be decided in vacation, and that

in view of this fact, and that the stipulation of the parties was that the *hearing* in the cause should be had at the judge's residence, a decree prepared by the judge at his home in vacation, and deposited in the express office, to be forwarded to the clerk of the court, two days before the judge's term of office expired, was valid, although not received by the clerk and filed until after the expiration of said term.

2. Injunction: ACTION ON BOND: DECREE IN ORIGINAL CASE BINDING ON SURETY. Where an injunction bond is conditioned that the principal "shall and will pay all damage which may be adjudged against him by reason of such injunction," a decree dismissing the injunction is conclusive upon the surety upon the issue of the wrongful suing out of the writ, though not a party to the injunction proceeding, and is admissible in evidence against him in an action on the bond.

*Appeal from Page District Court.*—HON. C. F. LOOF-BOUROW, Judge.

THURSDAY, OCTOBER 6, 1892.

ACTION upon an injunction bond executed by Elizabeth Babcock as principal and the defendant, Read, as her surety, in an action wherein Elizabeth Babcock was the plaintiff and this plaintiff and others were the defendants. The said bond is conditioned as follows: "The condition of the above obligation is such that whereas the said Elizabeth Babcock has this day filed in the office of the clerk of the circuit court of the state of Iowa, in and for Page county, a petition praying the issuance of an injunction to restrain the said obligees, and all of them, and all persons acting for them or claiming under them, or any of them, from setting up claim to, or attempting in any manner to dispose of, the one-half interest of plaintiff in Rosa Sprague, thoroughbred filly; and whereas, on the fourth day of December, 1882, the Hon. D. D. GREGORY, judge of the said circuit court, made an order on said petition, allowing said writ of injunction upon the following terms, to-wit, on filing bond in the sum of one thousand dollars: Now, therefore, if the

said Elizabeth Babcock shall, and will, pay all damage which may be adjudged against her by reason of such injunction, then this obligation to be void; otherwise to be and remain in full force and virtue." The plaintiff alleged "that the terms and conditions of said bond have been broken, the said injunction suit has been disposed of in favor of this plaintiff, and the obligees have failed to comply with the conditions, all to the plaintiff's damage, one thousand dollars," for which, with costs, judgment is asked. Elizabeth Babcock was not served with notice. and did not appear. The defendant, Read, answered, admitting the action for an injunction, the execution of the bond, and that an injunction issued as alleged. He denies that said action was ended, and denies any damage to the plaintiff. The case was tried by a jury, and a verdict and judgment rendered for the plaintiff. The defendant, Read, appeals.—*Affirmed.*

*James McCabe*, for appellant.

Our statute provides, section 3395, that the bond shall be "conditioned for the payment of all damages which may be adjudged against the petitioner, by reason of such injunction." It must be clear that neither by the obligation signed by the surety, nor by the provision of this section, was the surety brought into such privity with the injunction proceedings as to be concluded by the decree therein; he did not obligate himself to perform the judgment in the original case, nor in any sense respond to any proceedings in the original case. "The objection is, that the party sought to be affected had no opportunity to examine witnesses or in any way litigate the matter in controversy, either originally or by appeal; and may, therefore, be wronged beyond measure, by others proceeding. collusively behind his back." *Douglass v. Howland,* 24 Wend. 35; *Case v. Reeve,* 14 Johnson, 81. In *Pico v. Webster,* 14

Cal. 202, the court held a judgment on a sheriff's bond to be no evidence against the unnotified sureties. In *McKellar v. Barrell*, 4 Hawks, 34, a decree against the administrator of a guardian was held not to be evidence against the sureties of the guardian to charge them with the amount which was recovered against the estate for unfaithful administration of the trust. *Munford v. Overseers*, 2 Rand. 313, went a little further, holding that a judgment against the sheriff was no estoppel against him in an action on the bond against him and his sureties. *Beal v. Beck*, 3 Harr. & McH., is to the same effect. Hill's Notes to 1 Phil. Ev., 994; *Moss v. McCollough*, 5 Hill, 131; *Jackson v. Griswold*, 4 Hill, 552; *Carmalt v. Commonwealth*, 5 Binn. ——. It is true there are authorities to the contrary of great weight. In 10 Metc. 314, it was held that the judgment was *prima facie* evidence against the surety. So in *Masser v. Strickland*, 17 S. & P. 354, and several other Pennsylvania cases; and in *McLaughlin v. Bank of Potomac*, 7 How. 220. But in *Masser v. Strickland*, the authority is weakened by the able dissenting opin- of Chief Justice Gibson, who coincides with his predecessor, Chief Justice Tilghman, in 5 Binn. The English rule seems to be that laid down in New York. See *King v. Norman*, 5 C. B. 883. See also *Carmichael v. Governor*, 3 How. (Miss.) 236; *Irwin v. Backus*, 25 Cal. 214; *Llyes v. Caldwell*, 3 McCord 225; *State v. Holt*, 27 Mo. 340. Examining the obligation of the appellant, we find that it stipulates for no more than response for damages resulting from issuance of the writ. It makes no reference to the principal case, and does not, at least in terms, provide to be bound by the decision in that case. It contemplates on the contrary, a determination of liability in another suit, in which the surety will be a party to the record, and have his day in court. The conditions of an injunction bond and of an attachment bond in Iowa are sub-

stantially identical. Code, sections 3395, 2959. And in *Bunt v. Rheum*, 52 Iowa, 619, this court said: "The condition of this bond is as follows: 'Now, if the said John McCraney will pay all damages which the said defendant may sustain by reason of the wrongful suing out of the said attachment, then this obligation to be void.' In an action upon this bond it is clear that the defendant might contest both the wrongful suing out of the attachment and the amount of damages sustained."

No appearance for appellee.

GIVEN, J.—I. This case is submitted upon the appellant's abstract and argument. In view of the importance of the principal question presented, we regret to be compelled to determine it without a full argument.

The court admitted in evidence, over the appellant's objection, the record of the decree in the injunction case, which shows that the petition

1. JUDGMENTS: determination of equity cause in vacation: decree filed after judge's term of office expired: validity.

of the plaintiff therein was dismissed, and gave the following instruction: "The proofs in this case show that the case brought by Elizabeth Babcock, in which the injunction bond in suit was filed, has been finally determined against said Elizabeth Babcock. This determination of the case establishes the fact that the writ of injunction therein issued was wrongfully sued out, and the only question to be considered and determined by you in this case is, what amount of damage, if any, did this plaintiff sustain by reason of the issuance and service of the said writ?" The appellant complains of this action of the court, upon two grounds, namely, that for reasons stated the decree is not a valid decree, and that he, not being a party to that action, is not bound by said decree. As to the first ground of complaint, it is sufficient to say that

this is the same decree, the validity of which was called in question in *Babcock v. Wolf*, 70 Iowa, 676, and upon the same grounds now urged against it. For the reasons given in that opinion, we hold the decree to be valid.

II. The appellant contends that, as he was not a party to the action in which the decree was rendered,

2. INJUNCTION: action on bond: decree in original case binding on surety.

he is not bound by the finding therein that the injunction was wrongly sued out, and, therefore, the court erred in admitting the decree in evidence, and in giving the instruction quoted above. The right of Elizabeth Babcock to the injunction was directly in issue in that case, and was adjudicated against her. The dismissal of her petition was a determination that she was not entitled to the injunction, or, in other words, that it was wrongfully sued out. *Loomis v. Brown*, 16 Barb. 325; *Dowling v. Polack*, 18 Cal. 627. The case before us must not be confounded with cases where fraud or collusion in obtaining the decree is alleged, nor with those upon bonds differently conditioned. The appellant cites cases upon bonds given to secure the payment of any sum that might be found due from the principal on an accounting, and cases on official bonds. These are not in point; the former being merely security for the payment of a debt, and the latter conditioned generally for the performance of official duties, and not for a specific act, as in this case.

The appellant relies upon the general doctrine that none but parties to an action and their privies are bound by the adjudication. While such is the general rule, the books and daily practice afford many instances where sureties are concluded, by judgments against their principals, though not parties to the action; as, for instance, in the case of replevin and *supersedeas* bonds. Whether, in the absence of some provision by

statute, the surety is thus concluded, depends upon the terms and conditions of his undertaking. If his covenant is that his principal will comply with the judgment, then he is concluded by that judgment as to all matters determined thereby, though not a party to the action. In *McAllister v. Clark*, 86 Ill. 236, it was claimed, as in this case, that, the surety not being a party, he was not bound by the decree. The court says: "The misfortune to him is, his contract binds him to abide that decree, without being a party to it. His undertaking is that he will pay all such costs and damages as shall be adjudged against the complainant in case the injunction shall be dissolved." In *Towle v. Towle*, 46 N. H. 434, the court says: "By signing the bond in suit with Levi G. Towle, the plaintiff in the suit in equity, the sureties voluntarily assumed such a connection with that suit that they are concluded by the decree in it, in the present suit upon the bond, so far as the same matters are in question." A number of cases are cited fully sustaining the conclusion announced. See, also, *Pico v. Webster*, 14 Cal. 204. In some of the states, damages in cases like this are ascertained in the original action in pursuance of statute or the rules of equity practice. *Methodist Churches v. Barker*, 18 N. Y. 463; *McAllister v. Clark*, 86 Ill. 236; *Lothrop v. Southworth*, 5 Mich. 436; *Sturges v. Knapp*, 33 Vt. 486; 10 Am. & Eng. Encyclopedia of Law, 994; *Bailey v. Gibson*, 29 Ark. 472. In this state such damages are only ascertainable and recoverable in an action upon the bond. *Fountain v. West*, 68 Iowa, 380. In states where the practice is to assess damages in the original action, it has been repeatedly held that the surety on the injunction bond was concluded by the finding as to damages, though not notified of, or a party to, the proceeding. See the cases above cited. The reasons that render the decree as to damages conclusive on the surety apply

with equal force to the finding that the injunction was wrongfully sued out.

By the bond in suit, the appellant obligated himself that Elizabeth Babcock would "pay all damages which may be adjudged against her by reason of such injunction." By executing this bond he caused the injunction to issue, knowing that the right of Elizabeth Babcock thereto would be determined in that action. We are of the opinion that by the bond he agreed to be bound by the adjudication of that issue. As, under our practice the question of damage was not adjudicated in that action, the appellant is entitled to defend upon that issue; but if, as in the states referred to, damages had been assessed in the former action, he would be concluded by that adjudication also. We find no case upon a bond conditioned as this, where, in an action on the bond, the surety has not been held to be concluded by the decree dissolving the injunction.

It may be suggested that, as no damages have been adjudged against Elizabeth Babcock, the appellee was not entitled to recover against the appellant. No such question is made in the record, for the reason, we assume, that under the law "a suit against the principal is not necessary to determine the liability of the sureties upon an injunction bond." *Dangel v. Levy*, 1 Idaho, 722. *Bunt v. Rheum*, 52 Iowa, 619, is cited and relied upon by the appellant. Expressions are found in that opinion that seem to support his contention, but when the question before the court in that case is kept in mind it will be seen that the conclusion is not in conflict with the views we have expressed. Bunt filed his petitions showing that one McCraney had sued out an attachment against him, the defendant Rheum being surety on the bond; that he (Bunt) set up a counterclaim for damages for wrongfully suing out the attachment thereon, as authorized by statute, and recovered thirty dollars and twenty-five cents on default against

McCraney, and that no part of said judgment had been paid; wherefore he asked judgment against Rheum. Rheum demurred, and, the demurrer being overruled, the trial judge certified the following, among other, questions for the opinion of the supreme court: "*First.* Can the defendant be made liable upon the judgment set out in said petition?" The court properly said: "This suit is clearly upon the judgment and not upon the bond." That being the case, it was correctly held "that the defendant cannot be made liable upon the judgment. He undertook to become liable upon the bond which he executed." It will be seen by the question certified, and the conclusion announced, that the only matter to be determined was whether the defendant, Rheum, was liable upon the judgment. Neither the admissibility nor effect of the judgment as evidence in an action against Rheum on the bond was involved in that case. It is said in that opinion that, "in an action upon this bond, it is clear that the defendant might contest both the wrongful suing out of the attachment and the amount of damage sustained." That was not an action on the bond, and the question whether in such an action the surety would be bound by the judgment in the attachment case was not involved in the case. The announcement made is without any citations to support it, and, in our opinion, is against the decided weight of authorities, and therefore not controlling on the question under consideration. Our conclusion is that the decree was conclusive upon the appellant upon the issue of the wrongful suing out of the injunction, and therefore there was no error in admitting it in evidence, and giving the instruction quoted above.

III. The appellant complains of certain rulings of the court in taking the testimony. We fail to discover any prejudicial error in the rulings complained of. It appears that the mare in question was one of a lot of

thirteen head. The appellant complains that he was not permitted to show on cross-examination the value of the entire lot. The only issue was as to the value of the mare in question. Objections to questions asked upon cross-examination of Mr. Swan were properly sustained, as they did not relate to the value of the keeping, about which alone Mr. Swan had testified in chief.

The appellant complains of the conduct of counsel for the appellee in his address to the jury. An examination of the address as shown in the abstract fails to disclose any misconduct prejudicial to the appellant. Aside from some rather remote illustrations and embellishments, the argument was within the issues, and applicable to the case.

Our conclusion is that the judgment of the district court should be AFFIRMED.