MORRIS v. BARKER.

1. Judgment—Open to Collateral Attack if Void.
   Decree is open to collateral attack if void.

2. Injunction—Bond—Damages—Jurisdiction of Court to Determine Damages.
   Where further proceedings under judgment for possession of premises were enjoined on filing of bond (3 Comp. Laws 1915, § 12667) for damages, and injunction was later dismissed, circuit court had authority to determine damages without reference to circuit court commissioner (section 12668).

3. Judgment—Recitals—Surplusage.
   Recitals in decree which are outside issue presented may be rejected as surplusage without voiding decree.

4. Same—Collateral Attack.
   That decree for damages is excessive because of erroneous computation would not render it void but only voidable, and therefore it would not be open to collateral attack on said ground.

5. PRINCIPAL AND SURETY—DECREE AGAINST PRINCIPAL NOT OPEN TO
    COLLATERAL ATTACK.
        In action against surety on injunction bond for damages as-
        sessed against principal by court, decree determining damages
        is not open to collateral attack, even if it is excessive by rea-
        son of erroneous computation (3 Comp. Laws 1915, § 12667).

Error to Wayne; Pugsley (Earl C.), J., presiding.
Submitted January 14, 1931. (Docket No. 137, Cal-
endar No. 35,180.)    Decided February 27, 1931.
Rehearing denied June 1, 1931.

Assumpsit by William C. Morris and another
against Julia M. Barker as surety on an injunction
bond.   Judgment for plaintiffs.   Defendant brings
error.  Affirmed.

*Hatfield, Hall & Wood*, for plaintiffs.

*Bratton & Bratton* (*Louis E. Burke*, of counsel),
for defendant.

CLARK, J.   In this action on an injunction bond,
plaintiffs had judgment.   Defendant brings error.

Plaintiffs were vendors and one Marr and his wife
purchasers in a land contract of land in Detroit, the
price being $62,000; $5,000 paid down.   Vendors in-
stituted proceeding for possession before a circuit
court commissioner, and had judgment.   Writ of
restitution issued.   The Marrs filed bill for rescis-
sion, to enjoin further proceedings in the law action,
and for other relief.   The injunction issued.   De-
fendant became surety on the bond.   3 Comp. Laws
1915, § 12667 (3 Comp. Laws 1929, § 14355).   The
conditions of the bond:

"Now, therefore, the conditions of this bond are
such that in the event it is later found or adjudi-
cated that the injunction or restraining order should

not have been issued or that the plaintiffs were not entitled to the relief prayed for in the bill of complaint, the plaintiffs will pay any damages or costs assessed against them and this obligation to be void; otherwise, to remain in full force and virtue."

The penalty is $6,000. To the bill of complaint, plaintiffs here filed answer and what is called a cross-bill, the only parts of which here noticed are allegations of loss and damage by being kept out of the property, and prayer for allowance thereof. The bill of complaint was dismissed. The court took testimony respecting the damages, and entered decree that the Marrs, principals in the injunction bond, pay to plaintiffs here $10,046.36.

The defense here is a collateral attack on such decree. If the decree be void it is open to the attack. It is urged that the court was without jurisdiction to enter a decree for the damages, because the matter was not referred to a circuit court commissioner as provided by 3 Comp. Laws 1915, § 12668 (3 Comp. Laws 1929, § 14356). The section further provides, however, that the damages may be ascertained in such manner as the court shall direct. Clearly the court might itself determine damages without reference to a commissioner. There was jurisdiction to enter decree. *Lothrop* v. *Southworth,* 5 Mich. 436. Certain recitals in the decree, seemingly prepared by counsel, are outside the issue presented for decision. They will be rejected as surplusage. 21 C. J. p. 655; *Ombrello* v. *Railway Co.,* 252 Mich. 396.

It is urged that in assessing damages and in computing the same, certain items were included improperly, and that the computation is erroneous, and, hence, that the decree is largely excessive in amount. This complaint appears to be meritorious.

But this law court cannot afford relief. If for the reason stated the decree were void, it would be open to this collateral attack. But, assuming that it is erroneous, as urged, it is merely voidable, and hence not open to the collateral attack here attempted. 34 C. J. p. 564; *Sauer* v. *Detroit Fidelity & Surety Co.,* 237 Mich. 697 (51 A. L. R. 1485); *Eureka Iron & Steel Works* v. *Bresnahan,* 66 Mich. 489.

The obligation of the surety is quoted above from the bond. In this regard we quote from *Lothrop* v. *Southworth, supra:*

"This obligation was broken as soon as a decree awarding damages was made, and the execution thereon returned unsatisfied. It did not extend back of the decree, and relate to matters upon which it was founded. The condition was broken upon non-payment, and the proof of the breach maintains the action. This is the rule in all cases. * * * He (surety) can, therefore, raise no question of the correctness of the decree, nor impeach it in this collateral proceeding. If he apprehends any fraudulent collusion between the parties to the decree, his remedy is in chancery for relief against the bond."

No reversible error is presented by the assignments.

Judgment affirmed.

Butzel, C. J., and Wiest, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.