ST. LOUIS ZINC COMPANY, Appellant, *v.* GEORGE F. HESSEL-MEYER *et al.*, Respondents.

1. *Practice, civil — Appeal — Parties — Injunction bond — Sureties.—* The sureties on an injunction bond are not parties to the judgment in the original suit and have no right to appeal therefrom. If a proceeding be had upon the bond to assess damages against them, they become parties in interest and may appeal from the judgment; but until this occurs they have no such interest as authorizes them to carry on the original suit by appeal or otherwise.

*Appeal from St. Louis Circuit Court.*

*S. A. Holmes, Harding & Crane,* and *Lackland, Martin & Lackland,* for appellant, and A. J. Kennedy, surety.

*B. Poepping,* for respondents.

Walsh et al. v. Allen et al.

ADAMS, Judge, delivered the opinion of the court.

This was a proceeding for an injunction to restrain the defendants from acting as officers of the plaintiff. A temporary injunction was granted and an injunction bond given, on which Andrew J. Kennedy was principal and Bernard Finney and others sureties. The court dissolved the injunction in part and sustained it in part on the final hearing, and the defendants took an appeal to General Term, where this judgment was reversed and the cause remanded. From this judgment of the General Term the parties to the injunction bond, and not the plaintiff to this suit, have appealed to this court.

I know of no law that allows the sureties in an injunction bond to appeal to this court from a judgment in the original suit. They are not parties to the judgment in any sense of the term, nor are they interested within the meaning of the statute, which provides that every person aggrieved by any final judgment of any Circuit Court may make his appeal to the Supreme Court. If a proceeding be had upon the injunction bond, by motion or otherwise, against them to assess damages, then they become parties and may appeal from such judgment. But until this occurs they have no such interest as to authorize them to carry on the original suit by appeal or otherwise. The appeal, therefore, made by them from the judgment of the General Term is dismissed. The other judges concur.