Nolan v. Johns.

NOLAN, *Public Administrator*, v. JOHNS *et al.*; MASTIN *et al.*, *Appellants*.

IN BANC.

1. **Injunction Bond:** SURETIES: APPEAL. Under the statute, Revised Statutes, 1879, section 3710, giving the right of appeal " to every person aggrieved by any final judgment or decision of any circuit court in any civil cause," the sureties on an injunction bond have the right to prosecute an appeal from a judgment rendered on a bond for damages against the principal alone, in a summary proceeding in the original cause upon motion to assess damages.

2. ———: ———: REVOCATION OF ADMINISTRATION PENDING MOTION. Jurisdiction to assess damages on an injunction bond against a public administrator and his sureties is not lost by the revocation of the letters of administration pending the motion to assess the same, and an order that " the cause now proceed in the name of " the substituted administrator.

*Appeal from Johnson Circuit Court.*—Hon. C. W. SLOAN, Judge.

REVERSED AND REMANDED.

*Gardiner Lathrop* and *T. A. Frank Jones* for appellants.

(1) The appellants, sureties upon the injunction bond of Nolan, have the right to prosecute an appeal from the judgment against him for the damages occasioned by the injunction. R. S. 1879, sec. 3710; Freeman on Judgments, sec. 180; *Towle v. Towle*, 46 N. H. 432; *Oelrichs v. Spain*, 15 Wall. 211; *McAllister v. Clark*, 86 Ill. 236; *Haniford v. City*, 103 Mo. 180. (2) The judgment against Nolan was a nullity; he was not only not public administrator at the time, but had been specifically removed. *George v. Middough*, 62 Mo. 549. (3) The defendant had the right to have the damages assessed against the obligors upon the injunction bond by motion in the principal case. *Zinc Co. v. Hesselmeyer*, 50 Mo. 180; *Dorris v. Carter*, 67 Mo. 544; *Loehner v. Hill*, 19 Mo. App. 141; *Hoffelman v. Franke*, 96 Mo. 533; *Holloway v. Holloway*, 103 Mo. 274; *Brownlee v. Fenwick*, 103 Mo. 420.

*Graves & Aull* and *J. D. Shewalter* for respondent.

(1) Appellants are not parties to the motion to assess. No judgment was rendered against them. They are not persons aggrieved. They are not proper parties, and their appeal should be dismissed. *Zinc Co. v. Hesselmeyer*, 50 Mo. 180; *Loehner v. Hill*, 19 Mo. App. 143; *People v. Board of Canvassers*, 2 N. Y. Sup. 561. (2) The court properly gave judgment against Nolan; he is still in court. *Smiley v. Cockrell*, 92 Mo. 105; *Seibel v. Simeon*, 62 Mo. 255. (3) Nolan and his sureties could not trifle with the court, and the

facts show that the attempted resignation, removal and final settlement were but devices to defeat the jurisdiction of the court. Their conduct amounts to an appearance. They are estopped from saying that it does not. *Tower v. Moore,* 52 Mo. 118; *Barnes v. McMullins,* 78 Mo. 260; *Pry v. Railroad,* 73 Mo. 123; *Kronski v. Railroad,* 77 Mo. 362; *Smiley v. Cockrell, supra.* (4) Nolan had not made final settlement, nor been discharged, nor could he or Bell make final settlement until the estate was fully administered and all litigation pending against the estate was finally settled. To attempt to do so was fraud in law, even if honestly done. *Smiley v. Cockrell, supra;* R. S. 1879, secs. 190, 239. (5) The parties to the original suit having disregarded the alleged order of substitution, even if it were properly made, cannot now complain after trying the cause, appealing to the court of appeals and submitting the cause there in the name of and for Nolan and proceeding throughout on that theory. *Fell v. Coal Co.,* 23 Mo. App. 216; *Davis v. Brown,* 67 Mo. 313; *Noble v. Blount,* 77 Mo. 241; *Davis v. Davis,* 8 Mo. 56.

MACFARLANE, J.—This suit was commenced in LaFayette county in February, 1884, by George N. Nolan, public administrator of Jackson county, in charge of the estate of I. H. Reed, deceased, to restrain the defendant, O. A. Jones, and others from selling certain personal property under mortgage. Plaintiff as such administrator gave bond, with D. C. Mastin, J. H. Lipscomb, J. M. Fox and Frank Jones as sureties.

This bond was for $5,000, and was conditioned that, "if plaintiff shall abide the decision which shall be made thereon, and pay all sums of money, damages and costs that shall be adjudged against him if the said injunction shall be dissolved, then this obligation to be null and void; otherwise to remain in full force and effect." Upon filing this bond a temporary injunction

was granted. The suit was afterwards removed to Johnson county. An answer and motion to dissolve the injunction were filed by defendants, upon which the case was tried at the October term, 1885. The court found for the defendants, and judgment was rendered, dissolving the injunction and dismissing the petition.

At the same term defendant Jones filed a motion to assess his damages on the injunction bond. At the next term (February, 1886) the cause came on again, "and the plaintiff files and presents to the court the information and suggestion that, since the proceeding had herein, at the last term of this court, George N. Nolan had ceased to be the administrator of Isaac H. Reed; and the plaintiff also files and presents the records of the probate court of Jackson county, Missouri, revoking the letters of administration of said Nolan. And thereupon it is ordered and directed by the court here that this cause now proceed in the name of Harmon Bell, public administrator of Jackson county, Missouri. And the motion heretofore filed by the plaintiff for a rehearing upon the trial of the injunction is taken up and submitted to the court, and, after being seen and heard, is by the court overruled."

The court then heard the motion for assessment of damages filed the previous term, and entered judgment, for the damages assessed, against the sureties in the bond only. From this judgment the sureties appealed to the Kansas City court of appeals, where the judgment assessing damages was reversed and cause remanded to the circuit court. At the first term after the case was remanded (February, 1888) defendant Jones filed a motion to vacate the order made at the February term, 1886, substituting Harmon Bell as plaintiff in lieu of Nolan for the alleged reasons "that the order was inadvertent and erroneous; that Nolan cannot be discharged from the obligation of his injunction bond by the order of substitution; that Nolan was not discharged by the probate court, and that both parties to the suit

have ignored the order. This motion was sustained, and leave was thereupon given the sureties to file bill of exceptions during the first week of the June term. The same leave was granted Geo. N. Nolan who appeared by his attorneys.

At the June term defendant Jones filed his amended motion for the assessment of damages. Some evidence was heard thereon on June 16, and the further hearing continued until June 27, 1888; on that day the sureties filed a motion to set aside the waiver of a jury for the assessment of damages on the pending motion, and for a jury to assess damages. These motions were stricken out on motion of the defendants on the ground that the sureties were not parties to the suit, and had no right to call upon the court to entertain such motions. The further hearing of the assessment of damages was taken up, Nolan not appearing. Defendant offered no further testimony, and the court refused to hear evidence offered by the sureties on the ground that they had no right to be heard in that proceeding.

The court assessed the damages of defendant Jones at $2,978.70, and entered judgment for that amount in his favor and against "George N. Nolan, public administrator of Jackson county, and, as such, administrator of the estate of I. H. Reed, deceased, and no one else." The sureties filed motion for new trial, which was stricken out on motion of defendant. They then filed bill of exceptions, and also an affidavit for appeal which is granted.

I. The first question that confronts us on this record is whether the sureties on an injunction bond have the right to prosecute an appeal from a judgment rendered on the bond for damages against the principal alone, in a summary proceeding, in the original case upon motion.

The statute (R. S. 1879, sec. 3710) gave the right of appeal to "every person aggrieved by any final judgment or decision of any circuit court in any civil

cause." It is clear that it was not intended that the right of appeal should be limited to persons who were technically parties to the suit, and against whom the judgment was directly rendered. "Every person aggrieved" includes every person whose rights were in any respect concluded by the judgment. The use of the designation "person" instead of "party," in a chapter of the statute treating exclusively of practice and proceedings in civil cases, is itself suggestive that others than those technically parties to a suit and judgment should have the right of appeal. Furthermore, it is right and just that any person whose interests are injuriously affected and concluded by a judgment should have the right to a review, by the appellate court, of the proceedings which resulted in such judgment. *Farrar v. Parker*, 3 Allen, 556; *Zinc Co. v. Hesselmeyer*, 50 Mo. 180.

A reference to the chapter on injunctions will show that the relation of the sureties on an injunction bond, to the subsequent proceedings to assess damages, in case of a dissolution of the injunction, is equivalent to that of a party to the suit. Signing and filing the bond with the clerk gives the court jurisdiction over the sureties, and, if the injunction is dissolved, they, under clearly implied provisions of the statute, are practically in court to answer for a breach of the bond. It is provided that the bond shall be filed with the clerk of the circuit court of the county to which the injunction is returnable; if the injunction be dissolved, damages shall be assessed, and judgment shall be against the "obligors on the bond." R. S. 1879, secs. 2711, 2712, 2713. It is perfectly manifest that the statute authorizes the rendition of a judgment for damages against the sureties without other jurisdiction over them than that acquired by filing the bond. They are in court to answer for a breach of the bond from the moment the injunction is dissolved, and are entitled to all the rights of parties litigant.

But it is insisted that, as no judgment was in fact rendered against the sureties, their rights are not affected by the judgment against the principal alone. We do not think the conclusion follows. The conditions of the bond were that plaintiff "shall pay all sums of money, damages and costs that shall be adjudged against him (the principal) if the injunction shall be dissolved." The rule is that, "wherever a surety has contracted in reference to the conduct of one of the parties in some suit or proceeding in the courts, he is concluded by the judgment," if free from fraud and collusion. Freeman on Judg. [4 Ed.] sec. 180; *Towle v. Towle*, 46 N. H. 434; *Methodist Churches v. Barker*, 18 N. Y. 463; *McAllister v. Clark*, 86 Ill. 236; *Hotchkiss v. Platt*, 7 Hun, 56, affirmed, 66 N. Y. 620. These sureties, by the very terms of their contract, undertook to pay all damages that should be adjudged against their principal. The amount of damages assessed, if unaffected by fraud or collusion, will bind the sureties under the terms of their undertaking, notwithstanding a judgment might also have been entered at the time of assessment against them. We conclude that the appeal was properly taken by the sureties.

It is next insisted by appellants that the court, by virtue of its order of February 10, 1886, directing that the "cause now proceed in the name of Harmon Bell, public adm'r," lost its jurisdiction of plaintiff Nolan, and that no subsequent proceedings were sufficient to reinstate him as plaintiff in the suit. The record shows that Nolan did not undertake to withdraw from the suit until he had been defeated as a plaintiff and had been practically converted into a defendant by the motion to assess damages. It has been held by this court, and justly, too, that an administrator cannot defeat the jurisdiction of the circuit court when once acquired, by making final settlement of the estate and obtaining an order of discharge as such administrator from the probate court. The ends of justice could not be thus

de.eated. For the same reason no action by the administrator, or order of the probate court removing him from his trust, or accepting his resignation, could deprive the circuit court of its jurisdiction to proceed to the determination of the matter before it. *Smiley v. Cockrell*, 92 Mo. 105 ; *Seibel v. Simeon*, 62 Mo. 255.

But it is said that the circuit court recognized the action of the administrator and the probate court, and made the order depriving itself of jurisdiction over the person of the administrator. The order simply was that "this cause now proceed in the name of Harmon Bell, public administrator." There was no discharge of Nolan as principal in the injunction bond, or from his liability thereon. It is not claimed that the sureties could thus escape the jurisdiction of the court, why should the principal? The order of the court should not receive a construction so narrow and unreasonable. At the time the order was made, proceedings by motion were pending to assess damages. Nolan, who had been prosecuting the suit as plaintiff, had practically become a defendant in a damage suit, from which the order did not undertake to discharge him. The defendants in the injunction suit had the right to an assessment of their damages, and their rights ought not to be defeated or postponed by permitting Nolan to withdraw from the suit. We are of the opinion that the order of the circuit court did not discharge plaintiff Nolan from the proceedings to assess damages.

From what has been said in respect to the rights of the sureties, it follows that the court committed error in not permitting them to be heard and to defend against the proceedings to assess damages, and for this error the judgment is reversed, and cause remanded for the assessment of damages. All concur.