In re JOSEPHINE SWITZER, Guardian of HENRY W. SWITZER; HENRY W. SWITZER, Appellant, v. JOSEPHINE SWITZER, Guardian, FRANK ASKEW and JOACHIM A. BACHMAN.

Division Two, December 22, 1906.

1. ADMINISTRATION: Final Settlement: Appeal: Guardian's Sureties. Sureties on the bond of a guardian of the person and estate of a minor have such an interest in the administration of the estate as entitle them to an appeal from a judgment of the probate court approving final settlement of the administrator of the estate of the minor's intestate.

2. ————: Appeal: Generally. Persons having a substantial interest in the subject-matter of the controversy should be allowed an appeal, whether parties or not, if by a fair and reasonable interpretation of the statute they can be brought within its provisions. (Distinguishing Zinc Co. v. Hesselmeyer, 50 Mo. 180.)

3. ———: Final Settlement: Payment to Guardian: Receipt for Moneys Not Paid. Where the same person is administratrix of her husband's estate and guardian of the person and estate of her minor child, she cannot discharge herself and her sureties as administratrix and impose a liability upon herself and sureties as guardian, by giving a receipt by herself as guardian to herself as administratrix for moneys received by her as administratrix but not in fact paid over to herself as guardian.

4. ———: ———: Allowance for Maintenance: Increase by Circuit Court. An increase by the circuit court on appeal of a monthly allowance by the probate court for the support and maintenance of the minor from $30 to $35, will not be disturbed where there is evidence to support it.

5. ———: Commissions to Guardian. The amount of commissions to be allowed the guardian is within the discretion of the court, and on appeal that discretion will not be interfered with where the trial court had all the facts before it.

6. ———: ———: Restatement of Account. The account for final settlement by an administrator will not be restated on the minor's appeal even though the commissions allowed the guardian in the circuit court were less than half the amount allowed by the probate court.

7. ———: Restatement of Account at Respondent's Request: Appeal. Where the respondent sureties on the guardian's bond did not appeal, this court will not on the minor's appeal restate the account and give the guardian credit for items paid to the minor and credited to the guardian in the probate court, which by oversight and mistake were entirely overlooked by the circuit court. Nor will the judgment be reversed because of such mistake and the cause remanded, if indeed it was a mistake.

8. ———: Mismanagement During Administration: Liability of Guardian's Sureties. Where the record discloses that the minor was unjustly deprived of a large part of his estate by mismanagement of the administratrix while the estate was yet in her hands as such, the sureties on her bond as guardian, during the same time, of her minor child, will not be held liable for her mismanagement and conversion during the administration.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*Marley, Swearingen & Utley* for appellant.

(1) Sureties cannot appeal in their own name and capacity as such from order of final settlement. Zinc Co. v. Hesselmeyer, 50 Mo. 180; Wilhite v. Ferry, 66 Mo. App. 460; Tuxbery's Appeal, 67 Me. 267; Woodbury v. Hammond, 54 Me. 332; Deering v. Adams, 34 Me. 44; Treadwell v. Burton, 8 Ala. 660; Richardson v. Chevalley, 26 La. Ann. 551; In re McDermott's Estate, 127 Cal. 450; Lumber Co. v. Mimms, 49 La. Ann. 1294; Bank v. Barth, 74 Ill. App. 383; In re Scott's Account, 36 Vt. 302. It clearly appears from the statute concerning guardianship, which requires a *scire facias* and judgment before an execution can issue against them, that the sureties are not a party to the judgment of final settlement and one not a party cannot appeal. Johnston v. Williams, 28 Ark. 478; Miller v. Bates, 56 Cal. 135; Beasley v. Prentice, 13 Sm. & M. 97. (a) Appellants must be parties to the judgment. Meyer v. Hotel Co., 163 Mo. 66; Payne v. Niles, 20 How. 219; Aiken v. Smith, 54 Fed. 894; Ex parte Cutting, 94 U. S. 14; Elwell v. Fosdick, 134 U. S. 513; Guyon v. Ins. Co., 109 U. S. 173; Hesing v. Att'y-Gen., 104 U. S. 202; Rourke v. Goldstein, 86 Ill. App. 568; Sheldon v. Hinton, 9 Ill. App. 216; Heges v. Mace, 72 Ill. 472; Jager v. Dougherty, 61 Ind. 142; Coons v. Millett, 121 Ind. 585; Hodley v. Hill, 73 Ind. 142; Hammer v. Sexton, 69 Ind. 36; Scotland v. Co., 56 Cal. 625; McGinnis v. Wheeler, 36 Wis. 651; Hackley v. Hope, 4 Keys 123. (b) Sureties are regarded as strangers to the judgment. State ex rel. v. Kennedy, 163 Mo. 516; Meyer v. Hotel Co., 163 Mo. 66; Cement Co. v. Neumeister, 15 Mo. App. 592; McCormack v. Hubbel, 4 Mont. 87; Way v. Lewis, 115 Mass. 226; Cutler v. Evans, 115 Mass. 27; Krawl v. Libbey, 53 Wis. 292. (c) Sureties being strangers to the record cannot take an appeal merely because the judgment may affect

In re Switzer.

their interest adversely. State ex rel. v. Talty, 139 Mo. 391; Guy v. Orcott, 169 Mo. 407; Hoover v. Railroad, 115 Mo. 81; McEntyre v. Sholty, 139 Ill. 178; Coleman v. Oil Co., 25 W. Va. 148. (d) The sureties are classed as to their covenants with such sureties as covenant that the principal shall do a particular act. State ex rel. v. Surety Co., 76 Mo. App. 240; State ex rel. v. Donegan, 12 Mo. App. 200; Irwin v. Backus, 25 Cal. 214; Nevitt v. Woodburn, 160 Ill. 203; Rice v. Wilson, 69 N. W. 336. (e) The sureties are estopped by the covenants of their bond from appealing. Woodbury v. Hammond, 54 Me. 332; Tuxbury's Appeal, 67 Me. 267; Schofield v. Churchill, 72 N. Y. 570; Krawl v. Libbey, 53 Wis. 293; McCormick v. Hubbell, 4 Mont. 87; Rice v. Wilson, 69 N. W. 336; 1 Lord Raymond 328; 3 Com. Dig., 637; Byrd & C. v. State to use, 44 Md. 504. (f) The sureties are not parties to the record and they are bound by judgments, not because they are parties to the record, but by the force of their agreements. Taylor v. Hunt, 34 Mo. 205; State v. Holt, 27 Mo. 340; State v. Denney, 36 Mo. 288; Dix v. Norris, 66 Mo. 514; Yoemans v. Hoshaw, 86 Mo. 199; Assn. v. Kleinhoffer, 40 Mo. App. 402. (g) The appellant must have some legal interest in the estate which will be enlarged or diminished by the appeal. Orthwein v. Brown, 66 Mo. App. 320; McFarland v. Pierce, 151 Ind. 548; Woodward v. Speer, 10 Vt. 420; Heminway v. Corey, 16 Vt. 225; Adams v. Woods, 8 Cal. 315; Deering v. Adams, 34 Me. 41. (h) A person is aggrieved so as to be entitled to an appeal only when the decree operates upon his property or bears upon his interest directly. Shields v. Ashley, 16 Mo. 471; Deering v. Adams, 34 Me. 44; Bank v. Young, 53 Me. 555; Woodbury v. Hammond, 54 Me. 332; Tuxbury's Appeal, 67 Me. 270; Black v. Kirgan, 15 N. J. L. 45; Downing v. Porter, 9 Mass. 366; Richardson v. Chevalley, 26 La. Ann. 551; Schwackhamer v. Kline, 25 N. J. Eq. 503; Deming's

Appeal, 34 Conn. 201; Norton's Appeal, 46 Conn. 527; Wiggin v. Swett, 6 Met. 194; Ames v. Wood, 8 Cal. 315. (i) The test of the right of a third person to appeal is not that the judgment will operate as *res adjudicata* as to such third person. The true test is rather whether the third person asserts an interest in the *res* or subject-matter of the judgment. Zumwalt v. Zumwalt, 3 Mo. 269; Shields v. Ashley, 16 Mo. 472; Ins. Co. v. Houchins, 52 La. Ann. 1137; Hoffel v. Stonestreet, 6 Md. 303; Cecil v. Cecil, 19 Md. 72; State v. Markey, 21 La. 743. (j) Parties to the cause are persons interested or injured thereby. Zinc Co. v. Hesselmeyer, 50 Mo. 180; Edmond v. Scott, 78 Va. 720; Woodey v. Clark, 17 S. C. 313; Loury v. Loury, 64 N. C. 110. (k) An appeal will not lie in favor of one against whom no judgment has been rendered. McGreggor v. Pierson, 51 Wis. 122. (l) Sureties cannot defend. In re Scott's Account, 36 Vt. 302; Jones v. Doles, 3 La. Ann. 588; Lee v. Clark, 1 Hill 56; Poiler v. Volkenig, 11 Hun 385; Chamberlain v. Godfrey, 36 Vt. 380; Duffield v. Scott, 3 Tr. 374; Church v. Barker, 18 N. Y. 463; Leavitt v. Dodney, 40 How. 277; Hurd v. Lodge, 20 Pick. 53; Wyley v. Paulk, 6 Conn. 74; McLaughlin v. Bank, 7 How. 229; Train v. Gold, 5 Pick. 380. (2) The guardian filed her final settlement, admitting under oath that the amount for which judgment was rendered was actually due. She is bound by such admission. Bruce v. Sims, 34 Mo. 246; Knoop v. Kelsey, 102 Mo. 291; Lenox v. Harrison, 88 Mo. 491; Ramsey v. Henderson, 91 Mo. 560; Byrd & C. v. State to use, 44 Md. 504. (a) The judgment being rendered upon her own admission, she cannot complain. "*Consensus tollet errorem.*" Webb v. Webb, 3 Swanst. 658; Darden v. Leries, 2 Fla. 572; Garner v. Prewett, 32 Ala. 19; Wheeler v. Pope, 5 Tex. 262. (b) A confession of judgment operates as a release of all errors. U. S. v. Babbett, 104 U. S. 767; Wilson v. Collins, 9

Ala. 127; Winter v. Rose, 32 Ala. 447; Lewis v. Breckenridge, 1 Blackf. (Ind.) 112; Merritt v. Clow, 2 Tex. 582; Garner v. Burleson, 26 Tex. 348; McDaniel v. Monday, 35 Tex. 39; McRae v. Turnpike, 3 Ran. 160. (c) The guardian admitted the amount due and the judgment is for such amount and is final. Garner v. Prewett, 32 Ala. 13; McBride v. Hunter, 64 Ga. 660; People v. Owners, 108 Ill. 442; Stewart v. Betzer, 20 La. Ann. 137; Cock v. Pope, 3 Munf. 167; Barnwell v. Harmon, 6 Mart. (O. S. La.) 388; Skinner v. Dameron, 5 Rob. (La.) 447; Railroad v. Brick Co., 15 Mo. App. 590. (d) No appeal can be taken by either party from such decision, since the error, if any, is his own, and not the court's. Chapin v. Perrin, 46 Mich. 130; Brick v. Brick, 65 Mich. 230; Finch v. Carpenter, 29 Hun 268; Peterson v. Swan, 119 N. Y. 662; Monell v. Lawrence, 12 Johns. 534; Atkinson v. Maups, 1 Cow. 709; Williams v. Neil, 4 Heisk. 279; Jones v. Williamson, 6 Coldw. 76; Ringold's Case, 1 Bland 9; Gable v. Williams, 59 Md. 51; Williams v. Williams, 7 Gill. 305; Geary v. Sheridan, 8 Ves. Jr. 192; Webb v. Webb, 3 Swanst. 658; Bradish v. Gee, Amble 229; King v. Wightman, 1 Anst. 80; Darden v. Leries, 2 Fla. 572; Owen v. Yates, 75 Mich. 256; McCafferty v. Celluloid Co., 43 C. C. A. 540; Brown v. Iron Co., 134 U. S. 530. (e) A party in whose favor and upon whose motion an order is made cannot appeal. Garner v. Prewett, 32 Ala. 19; Winter v. Rose, 32 Ala. 447; Wilson v. McAdams, 10 Iowa 590; Thompson v. Perkins, 57 Me. 292; Winchester v. Winchester, 121 Mass. 128; Campbell v. Randolph, 3 Pick. 313; Hudson v. Allison, 54 Ind. 215; Lallande v. Jones, 14 La. Ann. 714; Patten v. Sterritt, 20 Me. 145; Railroad v. Ketchum, 101 U. S. 295; Schmidt v. Mining Co., 28 Ore. 25; In re Radivich, 5 Am. St. 466; Hooper v. Bucher, 109 N. Y. 609; Mintz v. Brock, 193 Pa. St. 294; Bank v. Kilgore, 43 S. W. 565; Clallam Co. v. Clump, 15 Wash. 593; Marsden v.

Soper, 11 Ohio St. 504; Woodman v. Valentine, 22 Me. 401; Wheeler v. Pope, 5 Tex. 262; Dunman v. Hartwell, 9 Tex. 495; Laird v. Thomas, 22 Tex. 276. (f) Same rule where judgment was rendered upon facts reported by consent of parties. Johnson v. Sped, 21 Pick. 225; 2 Ency. Pl. and Pr., 99-102. (g) No appeal lies from judgment of dismissal at appellant's request. Alleva v. Haggerty, 65 N. Y. Supp. 690; Smith v. Lowery, 56 S. C. 493. (h) But the trial court performs no judicial act when an order, decree or judgment is entered by consent. Chapin v. Perrin, 46 Mich. 130. (i) The purpose of an appeal is to bring up for review an erroneous action of the trial court. Chapin v. Perrin, 46 Mich. 130; Gridley v. Daggett, 6 How. Pr. 280. (j) The rights of the sureties are derivative, and they can only make the same defenses as the principal. Hughart v. Spratt, 78 Ky. 313; State ex rel. v. Judge, 22 La. Ann. 115; State ex rel. v. Weaver, 92 Mo. 673; Taylor v. Hunt, 34 Mo. 208. (k) The sureties are bound by the admissions of the principal made in due course of business. Blaif v. Ins. Co., 10 Mo. 567; Bank v. Kirbben, 48 Mo. 43; State ex rel. v. Weaver, 92 Mo. 680; St. Louis v. Foster, 24 Mo. 146; Dobbs v. Justice, 17 Ga. 624; U. S. v. Cutter, 2 Curt. C. C. 617; Reynes v. Facharies, 10 La. 127; Wilson v. Green, 25 Vt. 450. (3) The circuit court had no jurisdiction over the subject-matter of this appeal, for the reason that it is taken by the sureties in their name, character and capacity as such; no right is allowed by statute to sureties on guardians' bonds to appeal in such manner. The right to appeal must exist by statute before it can be exercised. (a) The right of appeal is purely statutory. State ex rel. v. Woodson, 128 Mo. 514; St. Louis v. Talty, 139 Mo. 380; In re Story, 120 Ill. 252; Bank v. Barth, 74 Ill. App. 383. (b) The statute provding for appeals from probate court is complete in itself and the general code only provides for appeals from judg-

ments of circuit courts. Harrington v. Evans, 49 Mo. App. 376. (c) Section 3535, concerning guardians or curators, provides: "Appeals shall be allowed from any final order or judgment of the probate court under this chapter at any time during the term or within six months thereafter in like manner and with the same effect as appeals are allowed in cases of administration of the estates of deceased persons." Section 278, concerning the administration of the estates of deceased persons, provides, among other things, "That the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor or other persons having an interest in the estate under administration." In re Hardy's Estate, 35 Minn. 194. (a) The circuit court could only exercise an appellate jurisdiction. Lademan v. Lewis, 13 Mo. App. 585; In re Garver, 77 Mo. App. 459. (b) The circuit court, only exercising appellate jurisdiction, cannot acquire original jurisdiction. Robinson v. Walker, 45 Mo. 120; Greene v. Costello, 35 Mo. App. 134; Gosing v. Showengerdt, 24 Mo. App. 556. (c) Such appellate jurisdiction of the circuit court must exist or be conferred by law. Collier v. Wilson, 56 Mo. 420; Abernathy v. Moore, 83 Mo. 65. (d) The circuit court must confine itself strictly to the appellate power given it. Kansas City v. Ford, 99 Mo. 94; Harris v. Hunt, 97 Mo. 571; Railroad v. Campbell, 62 Mo. 535; Ellis v. Railroad, 51 Mo. 200. (e) The circuit court, when exercising a statutory appellate jurisdiction, its jurisdiction as an appellate court exists only by virtue of the statute, and any omission cannot be supplied by judicial construction. Taffe v. Ryan, 25 Mo. App. 553. (f) The circuit court could not enter judgment against the parties, but must certify its decision to the probate court. R. S. 1899, sec. 286; Branson v. Branson, 102 Mo. 620. (g) The circuit court could only exercise an appellate jurisdiction, and could not render any judgment excepting an account-

ing. Cauley v. Truitt, 63 Mo. App. 259; Johnson v. Jones, 47 Mo. App. 237; In re Garver, 77 Mo. App. 459. (h) The circuit court could only exercise appellate jurisdiction and only has the same powers as the probate court itself had, and should have confined itself to the limitations placed upon the powers of the probate court. Woerther v. Miller, 13 Mo. App. 571; Pearce v. Calhoun, 59 Mo. 273; Coons v. Ward, 47 Mo. 200; In re Garver, 77 Mo. App. 459; Works on Jurisdiction, p. 433; Lucich v. Madine, 3 Nev. 95; Johnson v. Jones, 47 Mo. App. 241. (i) The power of probate courts is limited to a devolution of assets to the parties entitled by devise or heirship, and it has no power to pass upon the rights or claims of third persons against the heirs, legatees or devisees of an estate in the course of administration, and no power to substitute such person in the place and stead of the representatives by blood or by will of the deceased owner except by consent. The jurisdiction to settle disputed rights and conflicting claims of ownership between such persons and such heirs or distributees is vested in courts of general jurisdiction. Jones v. Jones, 53 Mo. App. 217; Cauley v. Truatt, 63 Mo. App. 538; Bramell v. Cole, 136 Mo. 209; Coleman v. Farrar, 112 Mo. 81; Yeoman v. Younger, 83 Mo. 424; Ford v. Talmage, 36 Mo. App. 71; French v. Stratton, 79 Mo. 562. (j) No jurisdiction is given to the probate court or to the circuit court in the exercise of an appellate probate jurisdiction, to take into consideration the question of liabilities of sureties on their bond and apportion their liabilities thereunder. Such questions belong to a court of general jurisdiction in an action on the bond. Brammel v. Cole, 136 Mo. 210; In re Garver, 77 Mo. App. 463; Woerner on Administration, sec. 151. (4) A guardian should keep his ward's property separate from his own; otherwise, he will make it his own so far as to be accountable for its

loss. Woerner on Guardianship, p. 205; White v. Parker, 8 Barb. 48; State v. Greensdale, 106 Ind. 364; Burrell v. Burrell, 78 Va. 574; Byrne v. Anderson, 67 Ga. 466; Michael v. Locke, 80 Mo. 548; Bush v. Bush, 33 Kan. 556. (a) Where the guardian invests money of ward in guardian's own business, or any unauthorized business, the profits will go to the ward and the losses fall upon the guardian. Merritt v. Merritt, 62 Mo. 156; Downing v. Feeley, 72 Ga. 562; Rogers v. Dickey, 117 Ga. 819. (b) The investment of the ward's money in her own business by the guardian is a conversion for which the guardian is liable on her bond. State v. Buning, 74 Mo. 87; West v. West, 75 Mo. 204; Michael v. Loche, 80 Mo. 548; State v. Sanders, 62 Ind. 562; Stump v. Pfeifer, 58 Ind. 472; Bush v. Bush, 33 Kan. 556; Clay v. Clay, 60 Ky. 548; Lowry v. State, 64 Ind. 421; Winstead v. Stanfield, 68 N. C. 40. (c) We are authorized by authorities to urge that if she mingled funds or employed it in her own business, she is chargeable for the highest rate thereon, compounded for the whole time. Woerner on Admn., p. 1138; In re Davis, 62 Mo. 450; Williams v. Petticrew, 62 Mo. 460; Estate of Camp, 6 Mo. App. 563, 74 Mo. 192; Cruce v. Cruce, 81 Mo. 676. (5) The guardian has been guilty of such gross negligence as to render her liable, not only for all money and property that actually came into her hands, but for all money and property and debts she could have collected by the exercise of reasonable diligence. Woerner on Guardians, sec. 55; Taylor v. Hite, 61 Mo. 144; Merritt v. Merritt, 62 Mo. 157; Reynolds' Appeal, 70 Mo. App. 579; Scudder v. Ames, 142 Mo. 233; In re Heffey, 10 Mo. App. 232. (a) The guardian is chargeable with the value of the property she ought to and might have recovered from herself as administratrix. State v. Branch, 134 Mo. 602; In re Haffey, 10 Mo. App. 232; Reynolds' Appeal, 70 Mo. App. 579; Stark v. Attison, 43 N. H. 465; Ashley v.

Martin, 50 Ala. 537; Woerner. on Guardianship, sec. 60. (b) She would also be liable for negligence for not collecting funds from herself as administratrix. Burke v. Turner, 85 N. C. 500; Bescher v. State, 63 Ind. 302; State v. Greensdale, 106 Ind. 364; Keenan's Estate, 6 Kulp 67; Will's Appeal, 22 Pa. St. 325; Horton v. Horton, 4 Ired. Eq. 54; Lynn v. Osgood, 58 Vt. 714; Harker v. Irish, 10 N. J. Eq. 269. (c) In the absence of any evidence the guardian is presumptively liable for all debts uncollected, for she must show they are uncollectable. Stewart v. McMurry, 82 Ala. 269; Seigler v. Seigler, 7 S. C. 317; Com v. Miller, 57 B. Mon. 205; Potter v. Hiscock, 30 Conn. 520. (d) Being liable as guardian for the negligence in not collecting from herself as administratrix, she is chargeable with the highest rate of interest with annual rests. In re Davis, 62 Mo. 450; Bobb v. Bobb, 89 Mo. 421; Frost v. Winston, 32 Mo. 489; In re Assignment, 129 Mo. 499. (6) The guardian is not entitled to compensation to the extent of $35 per month for the support and maintenance of the ward during the period of the guardianship, for on the death of the father it is the duty of the mother to support her infant children. Furnam v. Vansise, 56 N. Y. 435; Dennis v. Clark, 2 Cush. 349; Reynolds v. Swetzer, 15 Gray 78; Edwards v. Davis, 16 Johns. 284; Gilley v. Gilley, 79 Me. 292; Reeves on Domestic Relations, 351 and 402; Dedham v. Natick, 16 Mass. 135; Nightingale v. Whitinton, 15 Mass. 272; Tyler on Infancy, 293 and 294. (a) The inability of a mother to support the child during the time for which she asked pay for maintenance must affirmatively appear. Woerner on Guardians, sec. 104; State v. Roche, 91 Ind. 406, 94 Ind. 372. (b) Under ordinary circumstances a guardian is not allowed compensation for past maintenance. Folger v. Heidel, 60 Mo. 284; State to use v. Slevin, 93 Mo. 262; State to use v. Miller, 44 Mo. App. 123; State to use v. Martin, 18 Mo. App. 476.

(7)   The guardian is not entitled to the usual commission for the administration of the estate on account of her mismanagement of the same. State v. Richardson, 29 Mo. App. 595; Reed v. Ryburn, 23 Ark. 47; Farwell v. Steen, 46 Vt. 678; Burke v. Turner, 85 N. C. 500; Seguin's Appeal, 103 Pa. St. 159. (8)   By giving the receipt signed by herself as guardian to herself as administratrix for $5,252.01, and she being then and there worth from fifty to sixty thousand dollars, she becomes at once liable as a guardian.   Weaver v. Thornton, 63 Ga. 655; Crenshaw v. Crenshaw, 4 Rich. Eq. (S. C.) 14; In re Scott, 36 Vt. 297; Davis v. Davis, 10 Ala. 299; Pfeiffer v. Knapp, 17 Fla. 154; Moore & M. v. Felkel, 7 Fla. 75; Byrd & C. v. State to use, 44 Md. 504.   (a)   If she as guardian receipted to herself as administratrix, she is concluded thereby.   Pfeiffer v. Pfeiffer, 17 Fla. 144; Crawford v. Brewster, 57 Ga. 226; State v. Roeper, 9 Mo. App. 21.   (b)   When she settled her former trust and had in her possession funds sufficient to pay the amount due, she became liable as guardian.   Matter of Novil, 10 N. Y. App. Div. 355; Myers v. Wade, 6 Rand. 444; Marris v. Harrison, 78 N. C. 202; Harker v. Irick, 10 N. J. Eq. 272.

*Lathrop, Morrow, Fox & Moore* and *Gage, Ladd & Small* for respondents.

(1)   Appellant relies, apparently, upon three propositions.   The first is that the sureties upon the guardian's bond have no right to appeal.   This contention seems to be fully answered by section 278, Revised Statutes 1899, which gives the right of appeal on all settlements of executors and administrators to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration.   By section 3535, Revised Statutes 1899, an appeal is allowed from any final order or judgment of the probate

court in guardianship matters in like manner and with the same effect as in appeals in cases of administration. Certainly sureties on the appeal bond of a guardian have an interest in the estate, and come within the wording of the statute. Section 806, Revised Statutes 1899, in the Code of Procedure, gives the right of appeal to any party to a suit aggrieved by any judgment. Nolan v. Johns, 108 Mo. 431; Loehner v. Hill, 19 Mo. App. 141. As soon as the judgment was rendered by the probate court against respondent, her bondsmen became parties to the suit and entitled to appeal. They were persons aggrieved by the judgment, and, therefore, entitled to appeal. Zumwalt v. Zumwalt, 3 Mo. 269; State ex rel. v. Talty, 139 Mo. 379; Wauchope v. McCormick, 158 Mo. 660; Weer v. Gand, 88 Ill. 490; Farrar v. Parker, 85 Mass. 556; Garber v. Commonwealth, 7 Pa. St. 265; Belcher v. Branch, 11 R. I. 226; Hotchkiss v. Platt, 7 Hun 56; Patterson v. Gathings, 48 Miss. 639; Porter v. Burton, 57 Tenn. 584. (2) But appellant also raises the question as to the correctness of the judgment of the circuit court in striking from the judgment of the probate court the item of $5,252.01, which the guardian attempted to pass from her hands as administratrix of her husband's estate to herself as guardian, merely by receipt, no money or property passing, together with the interest upon that item. We also urge the court to pass upon this point, and submit that the circuit court was correct in striking out this item. State ex rel. v. Elliott, 157 Mo. 609; State ex rel. v. Branch, 151 Mo. 622, 134 Mo. 592. (3) We have attempted to meet and answer all the points relied upon by appellant and urged in his brief. We assume that this court, in its equity jurisdiction, will render such judgment upon the record before it as the court shall find proper and right. We think this is the duty of the court under the law. In an equity case, the appellate court may not only reverse the judgment of

the trial court, but enter appropriate decree affording that relief to plaintiff which he should have received in the court below, or dismiss the case for want of equity. Darrier v. Darrier, 58 Mo. 222; Ringo v. Richardson, 53 Mo. 385; Hoff v. Shepard, 53 Mo. 242. In an equity case, an appellate court may enter such a decree as was the necessary legal and logical consequence of the finding of the trial court which found the issues for plaintiff, and committed error in the decree which it entered upon the finding. Under such circumstances, there is no reason for granting a rehearing in the cause. Kinealy v. Macklin, 2 Mo. App. 241. The authorities to the effect that, instead of reversing and remanding a case of this character, the Supreme Court will enter such judgment as the circuit court should have entered, are numerous. Pfau v. Breitenburger, 17 Mo. App. 19; Widdicome v. Childers, 84 Mo. 382; Nelson v. Betts, 30 Mo. App. 10; Carroll v. Campbell, 25 Mo. App. 630. The appellate court hears an equity case *de novo,* but it is, of course, necessary that exceptions be taken and properly preserved. Lilly v. Menke, 92 Mo. App. 354; Bank v. Colem, 60 Mo. App. 79; State ex rel. v. Guinotte, 156 Mo. 513; Benne v. Schnecko, 100 Mo. 250; McElroy v. Maxwell, 101 Mo. 294.

FOX, J.—This cause is brought here by appeal from a judgment of the circuit court of Jackson county, Missouri. In order to determine the legal propositions involved in this controversy, it is sufficient to make a very brief statement of the facts.

Sometime prior to May 24, 1880, Henry L. Switzer of Jackson county, Missouri, died. His widow, Josephine Switzer, was appointed administratrix of his estate by the probate court of said county. She administered said estate and on August 24, 1882, was discharged by the order of said court. Henry L. Switzer left surviving him the widow and five minor children. On the

24th day of May, 1880, while the administration of
Henry Switzer's estate by the widow was pending, the
probate court of Jackson county, Missouri, at Kansas
City, appointed the widow, Josephine Switzer, the
guardian of the person and estate of her minor chil-
dren, of whom appellant in this case, Henry W.
Switzer, was one. The widow, Josephine Switzer, gave
bond as guardian in the sum of $9,000, with J. A.
Bachman and Frank Askew as securities. On May 20,
1882, there was a final order of distribution of the estate
of Henry Switzer, deceased, and notwithstanding
Josephine Switzer, the widow, had, in 1880, been duly
appointed by the probate court of Jackson county, Mis-
souri, guardian of her minor children, she, on the 20th
day of May, 1882, made another application for appoint-
ment as guardian of her minor children and the probate
court granted such application, and made an order
of appointment, fixing her bond at $40,000. She gave
the bond with Henry J. Hucke and Henry Tobener as
securities. On the 24th day of August, 1882, Josephine
Switzer as guardian of Henry W. Switzer, this appel-
lant, gave a receipt to herself as administratrix of
Henry Switzer, deceased, for $5,252.01. Similar re-
ceipts for the other minor children were filed by the
administratrix and she was discharged as such admin-
istratrix. It is conceded by the record in this cause
that there was no money actually passed from herself
as administratrix of the estate of Henry Switzer, de-
ceased, to herself as guardian of Henry W. Switzer,
this appellant. Josephine Switzer as guardian made
numerous annual settlements. It can serve no good
purpose to give in detail those settlements. It is suffi-
cient to refer to the final settlement which was allowed
and approved by the court, over which the main con-
tentions in this proceeding arise.

In some of the guardian's settlements she had been
allowed one thousand dollars a year for support of a

ward, but in her final settlement these allowances were abandoned and she was charged with the $833.33 life insurance money and interests, the $5,252.01, which she had in her hands as administratrix, and as such had taken her receipt, as guardian for, with interest, and the $6,270.83, which she received from a sale of real estate belonging to herself and her children, and she asked for credit for $6,540 for the board, maintenance and education of her ward, at $30 per month, for eighteen years and two months, for a credit for $2,977.78 for her conveyance to him of one-sixth of the business property, for costs of the probate court $30, and $1,-156.97 commissions at five per cent, and $37 cash paid to the ward, making a balance due the ward of $12,-327.78.

It was admitted on the hearing that the ward had received an additional $247, which was allowed as a credit, and the balance was approved by the court, showing Mrs. Switzer indebted to the ward for $12,-150.78. This settlement was approved by the probate court. From this settlement, Frank Askew and J. A. Bachman, securities for the guardian on her first bond of $9,000, appealed to the circuit court. On the trial in the circuit court the item of $5,252.01 was stricken out, with all interest on it, on the ground that she was not chargeable, as guardian, with it, as it had never, in fact, come into her hands as guardian. The court also allowed her $35 per month for the maintenance and schooling of the ward, and also allowed her the sum of $613.15 for commissions. The balance found in her hands by this settlement is $3,963.34, and from this Henry Switzer, the ward, has appealed to this court.

This is a sufficient statement to enable us to determine the legal propositions involved in this proceeding. The record is now before us for consideration.

In re Switzer.

OPINION.

The record in this cause discloses the following assignments of error:

That the court erred, 1st: In entertaining the appeal, or, in other words, the securities in such cases have no right to appeal.

2nd. In striking out the item of charge, $5,-252.01, the amount receipted for by the guardian to herself as administratrix, but not paid over.

3rd. In increasing the monthly allowance for board, lodging, clothing and other expenses of support and maintenance, from $30 per month, as claimed by the guardian, to $35.

4th. In allowing credit for $613.15 for commission.

I.

It is manifest from the brief of learned counsel for appellant that the vital and most important question involved in this proceeding is the right of the sureties on the guardian's bond to appeal from the final settlement of the guardian, made and approved by the probate court of Jackson county.

This proposition necessitates the consideration of the statutes conferring the right of appeal. The sections of the statute pertinent to this question are, first, section 278, which provides that the right of appeal in cases involving the administration of estates shall extend to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration. Section 3535, Revised Statutes 1899, provides for the right of appeal from any final order or judgment of the probate court in guardianship matters in like manner and in the same effect as in appeal in cases of administration.

The question to be answered in this proceeding is, have the sureties upon the guardian's bond such an in-

terest in the administration of the estate of a minor as
to bring them within the provisions of the statute con-
ferring the right of appeal in such cases?

It is earnestly insisted by learned counsel for ap-
pellant that the sureties upon Mrs. Switzer's bond as
guardian for the appellant, were not parties to the pro-
ceeding in the probate court, had nothing to do with the
final settlement, and therefore have no right of appeal.
We are unable to give our assent to this contention.
The very terms of the statute indicate that the Legis-
lature did not intend to limit the right of appeal to sim-
ply those who were parties to the proceeding.   The
statute applicable to administration of estates gives the
right of appeal to any heir, devisee, legatee, creditor or
other person having an interest in the estate. This pro-
vision certainly does not contemplate, as a condition
precedent to the right of appeal, that the persons en-
umerated must necessarily be parties to the proceed-
ing. We are unable to conceive of any persons who are
more interested in the administration of a minor's es-
tate (other than the minor himself), than the sureties
on the guardian's bond.   Their contract upon the bond
makes them responsible for all the acts of the guar-
dian respecting the administration of his ward's estate;
therefore, they are deeply interested in the fair and
proper administration of the estate and the distribu-
tion of the assets.   Upon a careful consideration of the
provisions of the statute applicable to appeals in cases
of this character, we are decidedly inclined to the opin-
ion that the sureties on the guardian's bond are per-
sons that have such an interest in the administration
of the estate as confer upon them the right of appeal
from a judgment approving the final settlement of the
guardian, for whose acts and conduct they are sureties.

In 2 Cyc. Law and Procedure, 638, in the text, we
find this general rule announced: "The sureties on
an official bond become parties to the record by a judg-

ment against the principal on the bond, and may appeal from such judgment." Numerous authorities are cited in support of the rule announced in the text from various States, including our own State. The reason assigned for this rule, and we confess that it is a good one, is that "in the absence of fraud or collusion, a judgment against a principal is conclusive as against his surety." Therefore, we can readily see the interest the surety has in a judgment, which so far as the record is concerned, only purports to affect the principal.

While this proposition of the right of appeal on the part of the surety from a judgment against his principal has never been sharply presented to any of the appellate courts of this State, yet we find that jurisdictions has been entertained in such cases. In re Tucker, 74 Mo. App. 331, was very similar to the case at bar, and while the question as to the right of appeal is not discussed, yet it is manifest that the court entertained jurisdiction and determined the case upon its merits.

This court, in Nolan v. Johns, 108 Mo. 431, very clearly announces the rule applicable to the right of appeal. While in that case the court had in judgment the statute applicable to appeals from the circuit court in civil cases, yet the principles announced are clearly applicable to the proposition now confronting us in this proceeding. The distinction between the statute in judgment before the court in that case and the statute applicable to the case at bar is very slight. Section 3710, Revised Statutes 1879, gave the right of appeal to every person aggrieved by any final judgment or decision of any circuit court in any civil cause. The statute as applicable to this case gives the right of appeal to any heir, devisee, legatee, creditor or other person interested in the estate under administration. In the case last cited the question of the rights of sureties upon an injunction bond was involved.

There was a judgment in the circuit court against the principal in the bond alone and the sureties sought to be heard but were refused, and they prosecuted an appeal. It was insisted in that case, as it is in the case at bar, that there was no right of appeal on the part of the sureties. Judge MACFARLANE, in speaking for this court, thus clearly treated the question. He said: "It is clear that it was not intended that the right of appeal should be limited to persons who were technically parties to the suit, and against whom the judgment was directly rendered. 'Every person aggrieved' includes every person whose rights were in any respect concluded by the judgment. The use of the designation 'person' instead of 'party' in a chapter of the statute treating exclusively of practice and proceedings in civil cases, is itself suggestive that others than those technically parties to a suit and judgment should have the right of appeal. Furthermore, it is right and just that any person whose interests are injuriously affected and concluded by a judgment should have the right to a review, by the appellate court, of the proceedings which resulted in such judgment." During the course of the opinion the learned judge in further treating of the question presented, said: "But it is insisted that, as no judgment was in fact rendered against the sureties, their rights are not affected by the judgment against the principal alone. We do not think the conclusion follows. The conditions of the bond were that plaintiff 'shall pay all sums of money, damages and costs that shall be adjudged against him [the principal] if the injunction shall be dissolved.' The rule is that, 'wherever a surety has contracted in reference to the conduct of one of the parties in some suit or proceeding in the courts, he is concluded by the judgment,' if free from fraud and collusion. [Freeman on Judg. (4 Ed.), sec. 180; Towle v. Towle, 46 N. H. 434; Methodist Churches v. Barker,

18 N. Y. 463; McAllister v. Clark, 86 Ill. 236; Hotch-
kiss v. Platt, 7 Hun 56, affirmed, 66 N. Y. 620.] These
sureties, by the very terms of their contract, undertook
to pay all damages that should be adjudged against
their principal. The amount of damages assessed, if
unaffected by fraud or collusion, will bind the sure-
ties under the terms of their undertaking, notwith-
standing a judgment might also have been entered
at the time of assessment against them. We conclude
that the appeal was properly taken by the sureties.''

In support of the conclusions reached in Nolan v.
Johns, supra, the case of Farrar v. Parker, 3 Allen
(Mass.) 556, was cited with approval. The Massa-
chusetts case is strikingly similar to the case at bar.
The Supreme Court of that State, in discussing the
proposition of the right of appeal on the part of sure-
ties, said: ''If there be any sufficient reason for sus-
taining the appeal in the two cases first cited, a much
stronger ground exists here for the sureties in the bond
of the guardian to appeal and contest this decree. The
principal is dead; his estate is insolvent; the sureties
are the persons to be called upon to make good the de-
linquency thus found to exist on the part of the guar-
dian. This decree, if once properly established, fixes
the amount of liability of the sureties on their bond.
In ordinary cases of a solvent principal, whose proper-
ty was ample to respond for all sums with which he
might be charged, the sureties would have no immedi-
ate interest, nor can it be supposed that they would at-
tempt to interpose against the will of the principal, if
they had the power to do so; but, in a case like the
present, where the principal is dead and his estate is
insolvent, they are directly interested and affected by
the decree; and they are persons aggrieved by it, if the
amount of the indebtedness of the guardian is settled
upon wrong principles.''

In McCartney v. Garneau, 4 Mo. App. 567, one of

the early cases by the Court of Appeals of this State, it was ruled that ''a final settlement by a surviving partner, in the probate court, is not *ex parte*, but is made upon notice, and has the effect of a judgment. If not appealed from, it binds the sureties of the administrator of the partnership estate; they have the right of appeal from the settlement.''

The leading case relied upon by appellant as announcing a rule in conflict with the conclusions as herein indicated, is Zinc Co. v. Hesselmeyer, 50 Mo. 180. A careful analysis of that case will make it manifest that it in no way conflicts with the rules upon this proposition heretofore announced. It will be observed that the judgment sought to be appealed from by the sureties upon the bond was simply one dissolving the injunction. There was no judgment for any amount against the principal or the sureties, and they were in no sense parties to the original proceeding which simply involved the legal proposition as to whether the injunction was properly granted or not. But it would be entirely a different case, if after the dissolution of the injunction the court had proceeded to assess the damages and render judgment against the principal alone, for in that case the sureties would be interested in the amount of damages assessed, whether they were correctly assessed and whether or not the proper elements of damage were duly considered, and from a judgment of that character the sureties unquestionably would have had the right of appeal.

While it is true that the right of appeal is purely statutory and persons who avail themselves of such right must be embraced within the provisions of the statute conferring such right, yet the tendency of judicial opinion is that cases should be tried upon their merits and the right of appeal should not be unduly restricted; and where it is made apparent that persons seeking the right of appeal have a substantial interest

in the subject-matter of the controversy, if by a fair and reasonable interpretation of the statute they can be brought within its provisions, the court should not hesitate to allow them the right of appeal.

· We are unwilling to say in this case that the sureties, who were liable for the amount shown by the final settlement of the guardian, who is the mother of this appellant, have no such an interest in the administration of that estate as would authorize them to appeal from the approval of a final settlement, and have a hearing in the appellate court as to the correctness or incorrectness of the statement of the account of such final settlement. Our conclusion upon the first proposition is that the sureties on Mrs. Switzer's guardian bond had the right to appeal.

## II.

It is insisted by appellant that the court erred in striking out the item of charge of $5,252.01, the amount receipted for by the guardian to herself as administratrix, but not paid over.

Upon this proposition the record discloses beyond question that Josephine Switzer as administratrix of the estate of Henry L. Switzer, deceased, did not in fact transfer the assets and take charge of the same herself as guardian of Henry W. Switzer. She simply gave herself, as guardian, a receipt to herself as administratrix, without any payment of money, and this is practically conceded by the record. We are of the opinion that she could not discharge herself and her sureties as administratrix and impose a liability on herself and her sureties as guardian in this sort of way; and this conclusion finds support in the recent cases of State ex rel. v. Elliott, 157 Mo. 609; State ex rel. Hospes v. Branch, 151 Mo. 622; State ex rel. Hospes v. Branch, 134 Mo. 592.

## III.

Appellant complains of the increase of monthly allowance of board, lodging, clothing and other expenses of support and maintenance from $30 per month as claimed by the guardian, to $35 per month. The trial court had the evidence upon this subject before it and we have no disposition to interfere with the allowance made.

## IV.

It is insisted by appellant that the court erred in allowing credit for $613.15 for commissions to the guardian. This was a matter purely within the discretion of the court. While it must be confessed that the record in this case discloses a very careless method of administering the estator of a minor, yet it is also disclosed that she made numerous annual settlements of this estate, and her improper methods of doing business, it seems, were never discountenanced by the probate court. It further appears from the settlement in the probate court that appellant insists on having stand in this court that greater commissions were allowed than those allowed by the circuit court, upon a restatement of the account with the guardian. We shall not interfere with the discretion of the trial court who had all the parties before it, and the court held in the community where this estate was administered, and we are disposed to defer to its statement of the account between these parties.

The respondents in their brief insist that this court should again restate the account and give the guardian credit for the items of $2,977.78 and $247, paid the ward and credited in the probate court. It is insisted that this was an oversight in the statement of the account by the circuit court. The respondents are not appealing in this case. The attention of the trial court was in no manner directed to what is now claimed was a

mistake. It may be upon a re-statement of his account that the appellant, as to these two items, would like to be heard. Therefore, that question could only be adjusted by reversing and remanding the cause. There is no appeal upon the part of the respondents in this case asking for the reversal of this judgment on the ground of those errors, if they were errors.

In view of the record before us we are unwilling to make any further change in the statement of the account as made by the trial court. While it may be seriously complained of that the appellant in this case has been deprived unjustly of a large part of his estate, yet the record discloses that the principal mismanagement of this estate occurred during the administration of the estate of his father. In fact, the record shows beyond question that the conversion of large amounts of property took place during the administration of the estate of Henry Switzer, deceased, and the present sureties upon the guardian's bond should not be made liable for the misconduct and mismanagement of the estate during the administration. They should only be required to account for that part of the estate that actually went into the hands of Josephine Switzer as guardian of Henry Switzer.

Finding no reversible error in the trial of this cause, there is nothing left to be done except to affirm the judgment, and it is so ordered.

All concur.