## In re MATHESON'S ESTATE.

First Division. Juneau. July 13, 1925.

No. 2454–A.

1. **Executors and Administrators** ⬧535—**Opening Final Account and Decree for Further Proceedings.**

   Where the final account of an administratrix is settled on statutory notice, and final decree is entered thereon, it is conclusive in an action against the surety on the bond of the administratrix, because of privity between the surety and principal; but where the administratrix, by mistake, omits from her final account items properly applicable to her credit, it would seem to be inequitable for the court having control and jurisdiction over the acts of the administrator not to determine whether such mistake was in fact made as pointed out, and therefore not passed upon by the decree.

2. **Executors and Administrators** ⬧509(3)—**Right of Surety to Open Account After Final Decree.**

   If the surety can defend an action against himself on his bond on the ground of fraud and collusion, it appears to me that it would be equitable for him to have authority to appear in the probate court, and show, if that be a fact, that there was a mistake of fact in the final account, or fraud or collusion in the entering of a decree fixing the liability of the principal and his own contingent liability.

---

⬧See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Executors and Administrators ⬅⟹509(9)—Fraud or Collusion in Final Account or in Obtaining Final Decree.**

> On final accounting a final decree was entered, from which no appeal was taken. *Held,* matters passed upon by the probate court, especially errors of law, are not reviewable thereafter on petition. In other words, the court is confined to the items set up in the petition for review, not taken up in the final account, and passed upon in the final decree, except, of course, that, if there was fraud or collusion in obtaining the decree, the whole decree may be set aside.

This matter comes before me on an appeal from an order made by the Commissioner and ex officio probate judge of Wrangell precinct, on the 16th day of September, 1924, sustaining a demurrer of Mabel Matheson Patterson, administratrix of the estate of F. Matheson, deceased, and John G. Grant, guardian of the minor heirs of the deceased, to a motion or petition of the National Surety Company, surety on the bond of said administratrix, for an order requiring the administratrix to make and file a supplemental report of her doings as administratrix, covering certain credit items omitted from her final report, and other credits accruing to her as such administratrix since the filing and approval of such report.

This estate has been before this court several times upon questions arising in the course of the administration thereof, and there is now pending before the court an action by the minor heirs of said decedent, through the guardian, against the bondsmen, based upon the final decree made by the probate court.

F. Matheson, as appears from the final report of the administratrix, died intestate on January 28, 1919, leaving as heirs a widow and three minor children, and thereafter, on February 1 following, Mabel Matheson, the widow of the deceased, afterward remarried to one Patterson was appointed administratrix. She qualified as such on February 4 following. At the time of his death the decedent was engaged in the general mercantile business at Wrangell, Alaska, and owned real and personal property of the appraised value of $58,967.72. After qualifying, the administratrix continued to operate the mercantile business of the deceased, and bought and sold goods, carrying on the business as such administratrix. The business was carried on the greater portion of the time without any

---

authority or order of the probate court authorizing her so to
do. The result of the operation of the business by the admin-
istratrix was a great loss, and on the 26th day of April, 1923,
according to the final report filed with the administratrix, there
was a deficit, after deducting all credits claimed by the ad-
ministratrix, of $28,023.67. This deficit was largely due to the
maladministration of the estate by the administratrix in carry-
ing on the business.

According to the report, the real property, as left by the de-
cedent, is intact. The administratrix, in her final report, filed
on April 26, 1923, set forth in detail various matters relating
to the administration of her trust. On August 18, 1923, after
publication of notice as required by law, the judge of the pro-
bate court of Wrangell precinct entered an order in substance
approving the final account of the administratrix, and decree-
ing that the sum of $13,057.78 be paid to the minor heirs of the
deceased, or the sum of $4,352.59 to each of said heirs. The
final decree also provided that all the real property be decreed
to the minor heirs, an undivided one-third to each of them, and
the stock of the Willson-Sylvester Mill Company, consisting
of 21 shares, of the par value of $100 each, was decreed to the
minor heirs, 7 shares to each of said heirs. It was further de-
creed that no compensation should be allowed the administra-
trix for her services as such, but that the expenses of admin-
istration, to the amount of $8,098.77, be allowed. Certain
claims of creditors, to the amount of something over $20,000,
for goods, wares, and merchandise furnished the administratrix
during the time she carried on the business of the decedent,
which were presented and disallowed by the administratrix,
were considered by the probate judge, and the disallowance ap-
proved, and certain other claims of creditors were ordered to
be paid. The decree finally concluded that, until the admin-
istratrix shall have complied with the provisions of the decree,
she should not be discharged as such administratrix, nor relieved
of her responsibility as such, nor should her bond be exon-
erated or discharged, but upon her filing, in this court, a re-
port of her doings, with full and complete receipts of the mi-
nor heirs of said estate, by their duly appointed guardian, for
the property herein found to be due them as such heirs, together
with such other proof satisfactory to the court that she has
fully discharged the duties of her trust as such administratrix,

she shall be relieved and discharged, and her bond exonerated and held for naught.

The motion or petition of the National Surety Company, the bondsmen of the administratrix, to which the demurrer of the administratrix and the minor heirs was interposed, was filed in the probate court of Wrangell precinct on July 23, 1924, almost a year after the entry of the order approving the final report of the administratrix. The petition, or motion of the surety, after setting forth the fact of the appointment of the administratrix and that the petitioner is surety upon her bond, the filing of her final account and order of confirmation thereof, and decree of final distribution of August 18, 1923, alleges that the said order and final decree fail to pass upon matters affecting the liability of the petitioner and surety.

The petition then sets forth in detail certain cash items paid by the administratrix, and which she should have received credit for in her final report, but which were omitted therefrom, and therefore not passed upon in the final decree. These items are set forth in detail in subdivisions A to G, inclusive, paragraph V, of the petition. Subdivision A refers to the transfer, by the administratrix, of her dower right in the real estate, belonging to the deceased, which is stated to be of the value of $4,000, and her one-half interest as heir at law in the stock of the Willson-Sylvester Mill Company, of the alleged value of $1,050, and alleged to have been transferred to the minor heirs to recompense them for losses incurred in the administration of the estate, and further alleges that no credit was given or claimed by the administratrix for the property so transferred to the minor heirs and the transfer approved in the final decree. Subdivision I of paragraph V alleges that, since the filing of the final report, certain debts due the estate have been collected by the administratrix, and no report made thereon, and no credit given for the amount collected.

Paragraph VI of the petition then avers that, for a long time prior to the filing of the final account, the administratrix, Mabel Matheson Patterson, was the regularly appointed guardian of the minor children of the deceased, and that some time prior to the filing of the final report John G. Grant was appointed guardian, and that during all the times referred to, in 1923, the administratrix and the guardian were represented by the same attorneys and that the interests of the minor children and the

administratrix as guardian of the minor children and heirs were benefited by the omission of the items referred to; that the same were known, or by reasonable diligence could have been known, but were omitted from the report, either by the mistake of the administratrix, her agents, or attorneys, or with the express design that the minor heirs should receive the benefit of said omissions, to which they were of right not entitled, and that the administratrix has not been discharged and is still qualified to act; and that the items referred to remain as on April 26, 1923, the date of filing the final report. The petition concludes with the prayer that the administratrix be directed to make full report of the matters set forth, and that, if she fails to do so, she be discharged and a new administratrix appointed to report thereon.

To this petition the administratrix and the heirs interposed a demurrer before the probate court, on the ground that the court had no jurisdiction to entertain the same. On September 16, 1924, the probate court of Wrangell precinct sustained the demurrer and entered an order dismissing the petition. From this order the matter is on appeal before this court.

The administratrix and the guardian for the minor heirs have appealed and filed their demurrer to the petition on several grounds: First, that the probate court had no jurisdiction of the person of the former administratrix of the estate or of the subject-matter of the motion; second, that this court has no jurisdiction of the person of the administratrix or the subject-matter of the motion; third, that there is another action pending between the same parties for the same cause as this; fourth, that the subject-matter of the said motion or petition has been fully heard and determined, and a final decree entered thereon in said probate court on the 18th day of August, 1923, wherein the National Surety Company, appellant herein, was party, being surety on the bond of said former administratrix of said estate; that no appeal was taken from said final decree by the National Surety Company within the time fixed by law or at all; that the matters tendered in issue herein were there finally determined by said final decree and are now res judicata; that the appellant, National Surety Company, had no capacity to file a motion or petition, the subject of this appeal, not being an heir, legatee, devisee, creditor, or other person interested in said estate, and that it has no capacity to prosecute the appeal,

or file any exceptions to any order of the probate court, and particularly to the order of the probate court from which the appeal was taken; that the order of the probate court is not such an order as is contemplated by section 1773, C. L. A., and no exceptions may be filed thereto nor appeal taken therefrom; and, finally, that the petition or motion of the National Surety Company does not state facts sufficient to constitute any cause of action in favor of movant or justify court to grant the relief or order prayed for therein, or any relief.

James Wickersham, of Juneau, for administratrix and heirs.
Hellenthal & Hellenthal, of Juneau, for National Surety Co.

REED, District Judge. The several questions raised by the demurrer filed by the counsel for the heirs and administratrix have required much consideration, and I have been very much in doubt as to the authority of the probate court to reopen the final decree. As to the first question, whether the probate court had jurisdiction of the person of the administratrix or the subject-matter of the petition, I am of the opinion that it had. The petition alleges that the administratrix is the duly qualified and acting administratrix of the estate. This allegation is confessed by the demurrer. The final decree also provides that the administratrix shall not be discharged until she complies with the terms of the decree. She appeared in the probate court, and is appearing in this court, in her representative capacity of administratrix, and it seems to me conclusive that the probate court has jurisdiction over her person.

As to jurisdiction over the subject-matter of the petition, the petition alleges that certain matters were not incorporated in the final account, and not passed upon in the final decree. It cannot be seriously contended that the probate court had not original authority over the matter of the accounts of the administratrix, and the only theory upon which it could be seriously insisted that it has no jurisdiction over the subject-matter of the petition is that, when the court rendered its final decree on the final accounting of the administratrix, it lost jurisdiction to require further accounting.

The question is a vexed one. A number of states provide by statute for such contingencies. Others hold that, by virtue of the inherent equity jurisdiction, the probate courts may review, reopen, and set aside final settlements for the purpose of

correcting mistakes or relieving against fraud. See Woerner, Am. Law Administration (3d Ed.) par. 507; 24 C. J., "Executors and Administrators," par. 2492. Our statute is silent on the subject. It provides, however, (section 1696, C. L. A.), that the final decree in any other action or proceeding between the parties interested is primary evidence of the correctness of the final account as allowed and settled. It is also provided by section 1597 that the mode of proceeding in probate courts shall be in the nature of a suit in equity, as distinguished from that at law.

The petition of the surety is to surcharge the final account of the administratrix, alleging that certain credits properly applicable to the credit of the administratrix were omitted from the final account; that certain moneys were collected by her and not accounted for, and that none of the items were passed upon or adjudicated upon by the decree; and that these omissions from the account had increased the amount due from the administratrix and rendered the liability of the surety greater —and concludes that such omission from the final account was through mistake, or because of express design or collusion between the administratrix and the heirs. Our statute, quoted above, provides that the final decree is primary evidence between the parties interested in any other action as to the correctness of the final account as allowed and settled. It does not foreclose or settle matters not before the probate court.

It is true that under the decision of the Supreme Court of Oregon in Bellinger v. Thompson, 26 Or. 320, 37 P. 714–720, 40 P. 229, and the authorities there cited, the final decree of settlement is conclusive in an action against the surety on the bond of the administrator, because of privity between the surety and principal; but where the administrator, by mistake, omits from his final account items properly applicable to his credit, it would seem to be inequitable for the court, having control and jurisdiction over the acts of the administrator, not to determine whether such mistake was in fact made as pointed out, and therefore not passed upon by the decree. If this was a case where certain money or property received by the administratrix was not accounted for by her, and a petition to surcharge her account for that reason was filed by an heir, distributee, or legatee, undoubtedly the court would have authority to pass upon the petition, and I see no reason why the surety of an

administratrix, being liable for the acts of the principal, should not in like manner equitably be entitled to point out the mistakes of the administratrix to the probate court, and suggest items which had not been passed upon by the probate court in its final decree, so as to have the same credited to the account of the administratrix.

Although there is some conflict of authority on the question, I think that under our statute the surety not only has the right of appeal from a decree settling a final account, but may petition for a review of the decree in proper cases. If the surety can defend an action against himself on his bond on the ground of fraud or collusion, it appears to me that it would be equitable for him to have authority to appear in the probate court, and show, if that be a fact, that there was a mistake of fact in the final account, or fraud or collusion in the entering of a decree fixing the liability of the principal and his own contingent liability. If the surety, because of being in privity with his principal, could not appeal from a final decree settling the final account, he would not, as a party interested, be entitled to appear at the final settlement and object to the allowance of any item against his principal. He would be bound by the account as presented by his principal. Yet in equity he might set aside the decree for fraud and collusion, and, in some jurisdictions, for mistake in the final account. His obligation is a direct obligation to the parties interested that his principal shall execute the trust according to law. Because of this liability, I think he is entitled to an appeal from a decree adverse to his principal, especially in default of an action by the principal. This is in accord with the trend of authority. Switzer v. Switzer, 201 Mo. 66, 98 S. W. 461, 119 Am. St. Rep. 731, and notes; Woerner on Administration, par. 255, and notes. If the surety has such an interest as would entitle him to appeal from a final decree, he certainly may petition for further accounting by his principal when, as alleged in this petition, certain items, both of credit and charge, are omitted from the final account and now passed upon in the final decree.

In my opinion, therefore, the probate court erred in sustaining the demurrer to this petition. It should have entertained the petition, and considered whether or not assets came into the hands of the administratrix, and were not accounted for in her final account or passed upon in the final decree. If the items

mentioned in the petition were passed upon in the final decree, it settles the matter as to·such items in the petition. The probate court should further have considered whether there was extraneous fraud or collusion, justifying the setting aside of the decree, whereby the liability of the administratrix and the contingent liability of the surety was enlarged. It is a reasonable presumption that all the assets were accounted for in the final account, and further accounting should not be ordered, unless it clearly appears that there are other matters, not embodied in the former account, which have not been accounted for by the administratrix. If the surety was entitled to appeal from the final decree as an interested party, then the decree is binding upon him, in the absence of appeal as to all items passed upon. In this case there was a failure to appeal from the final decree, and I am of the opinion, therefore, that matters passed upon by the probate court, especially errors of law, are not reviewable under the petition. In other words, the court is confined to the items set up in the petition for review not taken up in the final account and passed upon in the final decree, except, of course, that, if there was fraud or collusion in obtaining the decree, the whole decree may be set aside.

The matter is remanded to the probate court, to entertain the petition and proceed as herein directed.